Commercial Credit Corp. *v.* Tarver.

5-658                                                278 S. W. 2d 822

Opinion delivered February 28, 1955.

*Barber, Henry & Thurman,* for appellant.

*W. I. Prewitt,* for appellee.

George Rose Smith, J.   This is a suit brought by the appellee for the cancellation of a conditional sales contract, upon the ground of usury.   The chancellor held that the contract was usurious on its face and accordingly granted the relief prayed.   In this court the appellee has filed a motion asking that the appeal be dismissed for the appellant's failure to file a timely notice of appeal.

The case was tried on September 21, 1954.   At the end of the trial the chancellor immediately announced his decision in an oral opinion.   In closing his remarks the chancellor said: "Let this precedent show, at the wind-up, that the defendant excepts to the judgment, order and ruling and decree of the court and prays an appeal to the Supreme Court, which is granted.   Whether that will get you there or not, I don't know."   It is stipulated that counsel for the appellant then "orally notified the court and the appellee, Billy D. Tarver, and his attorney, that this cause would be promptly appealed to the Supreme Court."   Counsel also requested and were granted a period of 180 days in which to file the record.

On September 28 the appellee's attorney mailed to opposing counsel a precedent for the decree.   The latter attorneys rewrote the precedent and returned it on October 6, with a statement that the appeal would be prosecuted as expeditiously as possible.   Apparently the precedent, which was dated September 21, was signed

and entered promptly after its receipt by counsel for the appellee.

The absence of a notice of appeal was brought to the attention of the appellant's attorneys on November 15, when the clerk of the trial court wrote that "since you did not file Notice of Appeal, we have not worked on this record." At the clerk's request a notice of appeal was then filed, on November 17, but it is not contended that this filing was within thirty days after the entry of the decree. Instead, the argument is that the other matters which we have mentioned constituted a substantial compliance with the statute.

In principle this case is controlled by the opinion delivered July 5, 1954, in *General Box Co.* v. *Scurlock,* 223 Ark. 967, 271 S. W. 2d 40. There the decree recited that a cross-appeal was prayed and granted, and it was contended that this recital satisfied the requirement that a notice of appeal be filed. We rejected that contention, holding that no sufficient notice of appeal had been given.

The only perceptible difference between that case and this one is that here the appellant, at the conclusion of the trial, orally announced that an appeal would be taken. It is quite apparent, however, that the legislature did not intend to subject this vital jurisdictional matter to the uncertainties of oral proof. The appeal is taken by "filing" with the court in which the case is tried a notice of appeal. Ark. Stats., 1947, § 27-2106.1. The clerk is required to mail "copies" of the notice to the other parties in the case. Section 27-2106.2. These provisions of the statute plainly contemplate the existence of a written instrument, and there is no language suggesting that the notice may be given orally. Although the federal courts have been liberal in construing the federal rules, after which our statute was patterned, we are aware of no decision expressing the view that a parol notice of appeal is sufficient.

Appeal dismissed.

Justice McFADDIN concurs. Justices HOLT and WARD dissent.

J. SEABORN HOLT, J., dissenting. I respectfully dissent from the majority view in this case.

I think appellee's motion to dismiss should be denied. As I read the record, appellee's contention is based solely upon the statement that no notice of appeal was filed by appellant pursuant to Section 2 of Act 555 of 1953. It was stipulated:

"1. This cause was tried in open court on September 21, 1954, before Hon. W. A. Speer, Chancellor, in the Union Chancery Court.

"2. That following the trial, the court announced that in his opinion the Complaint of the plaintiff should be sustained and the Cross Complaint of the defendant dismissed.

"3. That thereupon and in open court and at a time when the Court Reporter was transcribing the statement of counsel and the court, appellant's attorney notified the court and appellee's attorney that this cause would be promptly appealed to the Arkansas Supreme Court, and, in addition thereto, prayed an order of the lower court granting the appeal and an additional ninety days, or a total of one hundred and eighty days within which to file the record and docket the appeal in the Supreme Court. That the court did on September 21, 1954, acknowledge the notice of appeal and that the court did on that date, grant appellant one hundred and eighty days in which to file the record and docket the appeal in this court.

"4. That on September 21, 1954, in the presence of the court and appellee's attorney, appellant authorized the Court Reporter and the clerk of the Union Chancery Court to proceed with the preparation of the record in the case and further advised said parties that the record should consist of all pleadings and a complete stenographic record of the entire trial of the case. * * *

"9. That the decree signed by the Hon. W. A. Speer and entered in this case provided, among other things, as follows: 'To the actions of the court, the defendant excepts and prays an appeal to the Supreme Court, which is hereby granted. The defendant is further granted one hundred eighty days within which to file the record and docket the appeal in the Supreme Court'."

It thus appears undisputed that on the day of trial and after judgment was rendered, in open court, while counsel for both appellant and appellee were present, appellant's counsel gave oral notice to the court that it desired an appeal to the Supreme Court, which the court then and there granted and allowed appellant's request for one hundred and eighty days within which to file the record and docket the appeal in the Supreme Court, all of which was embodied in the decree. All this, I repeat, was done in open court, in the presence of and the knowledge of appellee's counsel.

Section 2 of Act 555 provides: "When an appeal is permitted by law from the Circuit, Chancery or Probate Court, any party to the action may appeal from a judgment or decree by *filing with the court* in which the case is tried a notice of appeal within 30 days from the entry of the judgment or decree appealed from, unless a shorter time is provided by law."

It seems to me that appellant has literally complied here with the plain language of the act. It will be noted that nowhere in the act is it provided that a *written* notice must be filed with either the court or the clerk. The implication is plain, however, that where a notice of appeal is given at any time within the thirty day period, if such notice is not given orally, and accepted in open court by the court, such notice must be in writing. The law never requires a vain and useless thing to be done.

The general rule is stated by the text writer in 4 C.J.S., § 576, p. 1041: "As a general rule, where an appeal is taken or allowed in open court when the judgment or decree is rendered, or in some jurisdictions on the same day or at the same term, and notice of appeal

is given in open court and entered on the records as provided by statute, no further notice of appeal or citation is necessary," and § 593, p. 1058: "Notices of appeal, however, should be liberally construed, and as a rule the notice is sufficient if it reasonably shows that an appeal is intended and the judgment, order, or decree appealed from substantially states the other facts required by statute to be shown." § 593-b: "Except where an appeal is taken in open court upon rendition of the judgment or order appealed from, or in cases in which the filing of the notice with the clerk of the court is sufficient, it is generally provided or held that notice of appeal must be served in writing."

Here it seems to me that appellant's attorneys' have faithfully performed all of the duties required of them under the act. To grant appellee's motion to dismiss, in the circumstances, would not only contravene the provisions of the act, but would be against common right and reason.

Mr. Justice Ward joins in this dissent.