WILHELM *v.* McLAUGHLIN.

5-1540                                   309 S. W. 2d 203

Opinion delivered January 27, 1958.

*Rex W. Perkins* and *C. A. Fuller,* for appellant.

*O. E. Williams,* for appellee.

GEORGE ROSE SMITH, J. In this case the appellants and the appellee filed separate notices of appeal from the decree of the chancery court. The appellee has moved for a dismissal of the appellants' appeal, on the ground that their notice of appeal was filed before the entry of the decree and was therefore ineffective. The motion presents a question of first impression, and since the point is apt to recur we think it best to dispose of the motion by a written opinion.

The two-day trial in the court below ended on June 25, 1957. At the conclusion of the proof the chancellor stated that he would decide the case immediately, without asking counsel to submit briefs. The chancellor then delivered a comprehensive oral opinion containing findings that were partly favorable to the plaintiff (appellee) and partly favorable to the defendants (appellants). On July 5 the defendants filed a notice of appeal "from the entire decree rendered in the above entitled cause . . . on June 25, 1957." The formal decree was evidently signed sometime after the day of trial and was filed in the office of the clerk on July 10.

The statute provides that the notice of appeal must be filed within thirty days from the entry of the judgment or decree. Ark. Stats. 1947, § 27-2106.1. We have held that the period of thirty days is to be calculated from the day on which the judgment is filed with the clerk for entry on the record. *Cranna* v. *Long,* 225 Ark. 153, 279 S. W. 2d 828. We adhere to that view and do not mean by this opinion to shorten the time within which a notice of appeal may be filed after the entry of the judgment or decree.

Even though the thirty-day period runs from the entry of the judgment rather than from its rendition, it does not necessarily follow that a notice of appeal filed

in the interval between rendition and entry is void. Many situations may be conceived in which needless hardship would result from an inflexible rule nullifying every notice of appeal filed before the entry of the judgment. We know that, despite reasonable precautions on the part of counsel, instances do arise in which the precedent for judgment is signed without notice to the losing party or his attorney, or in which an unforeseen delay intervenes between the signing of the precedent and its filing in the clerk's office, or in which the clerk fails to make a record of the date on which the signed precedent was received. In any of these situations counsel might, in good faith, lodge the notice of appeal before the judgment was actually entered.

We do not find that this exact point has been decided under the federal rules of civil procedure, from which our statute was copied. The decisions of the state courts, construing statutes having some similarity to ours, are not in harmony, but we prefer the view that gives effect to a notice of appeal such as that filed by these appellants.

In a case like this one the Supreme Court of Washington explained its position with these words: "The statutes governing appeals should be liberally construed, to the end that parties may have a review by this court of the rulings of the superior courts when they so desire. The appeal statute thus construed will require us to give force to a notice of appeal given after the court had announced its decision, although it was before the signing and entering of the formal judgment. For some purposes the judgment may not be complete until thus signed and entered, but, after such announcement, it was so far complete as to sustain a notice of appeal." *Hays* v. *Dennis*, 11 Wash. 360, 39 P. 658; see also *Sherbert* v. *School Dist. No.* 85, 169 S. C. 191, 168 S. E. 391. In California it was held for many years that a notice of appeal filed before the entry of the judgment was bad, *Tyrrell* v. *Baldwin*, 72 Calif. 192, 13 P. 475, but eventually a rule was adopted that gave validity to a notice of appeal "filed prior to the entry of the judgment, but

after its rendition." *Schmidt* v. *Townsend,* 103 Calif. App. 2d 185, 229 P. 2d 488.

In the case at bar the appeal was taken after the court had announced its decision, and the notice of appeal identified the decree as having been rendered on June 25, 1957. There could be no uncertainty about the particular decree which the appellants sought to have reviewed, nor can it be said that the appellee was inconvenienced or prejudiced by the fact that the notice of appeal preceded the entry of the formal court order. In our opinion the language of the statute does not require a dismissal of the appeal in these circumstances.

Motion denied.