St. Louis S. W. Ry. Co. *v.* Harrist & Endsley

5-4025                                                406 S. W. 2d 694

Opinion delivered October 10, 1966

*Coleman, Gantt, Ramsay & Cox,* for appellant.

*Robinson & Robinson,* and *W. F. Denman, Jr.,* for appellee.

Guy Amsler, Justice. Appellees' motion to dismiss the appeal in this cause presents a question of such a novel nature as to prompt a written opinion rather than a "per curiam" order. The procedure followed was approved by us in *Norfleet* v. *Norfleet,* 233 Ark. 751, 268 S. W. 2d 387.

Late during the evening of February 3, 1966, following a trial of two days duration, the jury returned verdicts for plaintiffs (appellees here) against G. R. Chambers (appellant Railway's engineer) in the total sum of $24,300. Following its report the jury was excused and shortly thereafter it was discovered that no verdicts were returned against the defendant-Railroad

Company. The trial judge had the bailiff call the jurors (some of whom had left for their homes) back for further instructions on and consideration of their verdicts. In due time new findings against the Railroad and its engineer were returned. These facts are pertinent to an understanding of subsequent pleadings that were filed by the parties.

On February 11, 1966, plaintiffs filed their motion for judgment notwithstanding the verdict. On February 21st the defendants filed a similar motion and a motion for a new trial the prayer of which contained this wording:

"WHEREFORE, defendants pray that the Court grant a new trial for the reasons stated above, *and in the event this motion is overruled, defendants appeal to the Supreme Court of Arkansas from the verdict and judgment entered herein.*" [emphasis supplied]

On April 2, 1966, the trial judge, having taken the motions under advisement, addressed a letter to Joe T. Rhodes, Circuit Clerk of Lafayette County, which read:

"Re: In the Lafayette Circuit Court
    Margaret Janiece Endsley Harrist et al
    v. No. 2358
    St. Louis Southwestern Railway
    Company and G. R. Chambers

"Dear Joe:
"I would appreciate your filing the enclosed Order and judgment. Thank you.
    Yours very truly,
    Harry Crumpler
    Circuit Judge
"enclosures
cc: Coleman, Gantt, Ramsay and Cox
    Robinson and Robinson
    Mr. William F. Denman
    Mr. Nick Patton"

Copies of the above letter were mailed to and admittedly received by all interested attorneys. However, there is some disagreement regarding the enclosures. Appellants contend that they received only an undated "non-titled" document, which contained the style of the case and the judge's signature, but no copy of the judgment was enclosed. This we deem unimportant because the letter was sufficient to put all parties on notice of the filing of judgment with the clerk.

In the "non-titled" instrument the trial judge lists each of the motions mentioned above and his rulings thereon. The penult sentence of the judge's conclusions reads:

"Judgment is hereby awarded for the plaintiff and against the defendants, G. R. Chambers and St. Louis Southwestern Railway Company."

The judge's communication apparently reached the circuit clerk on April 4th because on that day he (the clerk) filed the above described order and findings, also a judgment in regular form, dated April 2, 1966, which was signed by the judge. This judgment made no reference to the defendants' motion for a new trial, but did refer to and grant plaintiffs' motion for judgment notwithstanding the verdict.

On May 18, 1966, appellants filed their objection to the above mentioned judgment, entered April 4, 1966, and prayed that it be set aside because they had no prior notice of its entry; were given no opportunity to approve or object to its form; had no opportunity to file a supersedeas bond for stopping the running of interest; or to have the clerk mail notice of appeal "which had previously been given on 2/21/66"—referring to the wording contained in the prayer for a new trial.

On May 18, 1966, the trial court (acting on a motion filed the same day) entered an order giving defendants seven months from April 4, 1966, to lodge their appeal

176

in the Supreme Court. This order was objected to by plaintiffs (objections filed May 27, 1966) on the grounds that: no formal request was filed for the extension of time; no notice was given plaintiffs of the request for the extension of time; no hearing held; and *defendants had never given any proper notice of appeal.* (Emphasis ours)

On the 31st day of May, 1966, the trial judge ruled on the issues presented by defendants' motion and the objections of plaintiffs thereto. He refused to set the original judgment aside; overruled plaintiffs' objection to his order of May 18th; and concluded that the statutes governing giving of notice of appeal had been ''substantially complied'' with by defendants' statement of intent to appeal contained in their motion for a new trial filed February 21, 1966.

On June 2, 1966, appellees (plaintiffs below) gave notice of their intention to request a dismissal of the appeal. A partial transcript was filed on June 3, 1966, and this was supplemented on August 23, 1966. Oral arguments were heard and the issue has been thoroughly briefed.

Considering the foregoing facts we are called upon to determine if a prayer for or statement of intention to appeal as set forth in the concluding paragraph of defendants' motion for a new trial meets the requirements of sections 2 and 3 of Act 555 of the General Assembly of 1953. [Now Ark. Stat. Ann. §§ 27-2106.1 and 2106.2 (Repl. 1962).] If the exact point has been passed on by this or any state or federal court, the decision has not been called to our attention.

The statute, supra, provides in part that:

"any party to the action may appeal from a judgment or decree, by filing with the court in which the case is tried a notice of appeal *within thirty (30) days from the entry of the judgment or decree appealed from.* Any other party to the action may

cross appeal from a judgment or decree by filing with the court in which the case is tried *a notice of cross appeal within ten* (10) *days after the notice of appeal is served on such party.*" [emphasis supplied]

and further that:

"Notice of appeal and of cross appeal shall specify the parties taking the appeal or cross appeal, and shall designate the judgment, decree, or part thereof appealed from. Notification of the filing of the notice of appeal and cross appeal shall be given by the clerk of the court in which the cause is pending by mailing copies thereof to all the parties to the suit other than the party or parties taking the appeal or cross appeal, but his failure so to do shall not affect the validity of the appeal or cross appeal."

We have held that the filing of notice of appeal within 30 days from entry of judgment or decree is a jurisdictional prerequisite to the perfection of an appeal. The filing of notice of cross appeal is likewise jurisdictional. *General Box Company* v. *Scurlock,* 223 Ark. 967, 271 S. W. 2d 40; *White* v. *Avery,* 226 Ark. 951, 295 S. W. 2d 365.

In *Cranna* v. *Long,* 225 Ark. 153, 279 S. W. 2d 828, after quoting the 30 day statute we said:

"The filing of the judgment with the clerk is the decisive date under the above quoted statute. * * *"

Appellants say in effect that plaintiffs (appellees) knew all along that they (defendants) intended to appeal. Plaintiffs probably did speculate that there would be appellate action when the case was finally concluded and probably thought that the appeal would be perfected in accordance with established procedure. The fallacy inherent in appellants' contention is clearly pointed up by a comparison with what we wrote in *Commercial Credit Corp.* v. *Tarver,* 224 Ark. 667, 278 S. W. 2d 822.

Tarver brought suit (in Union County Chancery Court) to cancel a conditional sales contract on the ground of usury. At the conclusion of trial, on September 21, 1954, the chancellor announced his decision and directed that a precedent be prepared and "let this precedent show, at the wind-up, that the defendant excepts to the judgment, order and ruling and decree of the court and prays an appeal to the Supreme Court, which is granted." It was stipulated by the parties that counsel for appellant (Commercial Credit Corp.) then "orally notified the court and the appellee, Billy D. Tarver, and his attorney that this cause would be promptly appealed to the Supreme Court." Commercial Credit was given 180 days to perfect its appeal. A precedent was agreed on by counsel within a few days and the attorney for Commercial Credit assured opposing counsel that the appeal would be prosecuted as expeditiously as possible.

On November 15th the court clerk wrote the attorney for Commercial Credit that the record had not been prepared because no notice of appeal had been filed. Notice (at the request of the clerk) was filed on November 17th. Contention was that there was substantial compliance with statutory requirements regarding notice of appeal. We said:

"In principle this case is controlled by the opinion delivered July 5, 1954, in *General Box Co.* v. *Scurlock*, 223 Ark. 967, 271 S. W. 2d 40. There the decree recited that a cross-appeal was prayed and granted, and it was contended that this recital satisfied the requirement that a notice of appeal be filed. We rejected that contention, holding that no sufficient notice of appeal had been given. The only perceptible difference between that case and this one is that here the appellant, at the conclusion of the trial, orally announced that an appeal would be taken. It is quite apparent, however, that the legislature did not intend to subject this vital jurisdictional matter to the uncertainties of oral proof. The

appeal is taken by 'filing' with the court in which the case is tried a notice of appeal.''

The Commercial Credit case clearly demonstrates that neither defendants' intent nor plaintiffs' information (or speculation) regarding the appeal has any controlling influence on the disposition of appellees' motion to dismiss. The written notice governs.

Appellants rely on *Wilhelm* v. *McLaughlin,* 228 Ark. 582, 309 S. W. 2d 203, to sustain their contention that notice of appeal may be given before the entry of judgment. A cursory comparison of the facts in the Wilhelm case with the one at bar reveals numerous disparities.

When the taking of testimony was concluded at the Wilhelm trial the chancellor ''fired from the hip,'' as we say, and detailed, somewhat at length, his findings on the facts and conclusions of law. In short the trial judge decided the case ''on the spot.'' In a few days the decree was filed with the clerk but during the interval the losing party filed notice of appeal and we held that under the circumstances of that case the notice was good. This language appears:

''We know that, despite reasonable precautions on the part of counsel, instances do arise in which the precedent for judgment is signed without notice to the losing party or his attorney, or in which an unforseen delay intervenes between the signing of the precedent and its filing in the clerk's office, or in which the clerk fails to make a record of the date on which the signed precedent was received. In any of these situations counsel might, in good faith, lodge the notice of appeal before the judgment was actually entered.''

We then quoted, with approval, this declaration by the Supreme Court of the State of Washington:

''The statutes governing appeals should be liberally

construed, to the end that parties may have a review by this court of the rulings of the superior courts when they so desire. The appeal statute thus construed will require us to give force to a notice of appeal given after the court had announced its decision, although it was before the signing and entering of the formal judgment. . .''

We find nothing in the Wilhelm opinion that would, in any degree, support appellants' contention in the instant case.

A couple of simple illustrations and queries may aid in demonstrating the untenableness of appellants position. Bear in mind that after verdict there were 3 motions filed, viz: plaintiffs' motion for judgment notwithstanding verdict on February 11th and defendants' motions for judgment notwithstanding verdict and for a new trial on February 21st. All concerned the verdict returned on February 3, 1966. The alleged notice of appeal was contained in defendants' motion for a new trial. The court filed its ruling on all these motions on April 4, 1966. Now let us suppose that all parties were dissatisfied with the court's findings and desired a review. If we accept defendants' contention that their notice of appeal was given on February 21, 1966, have the plaintiffs lost their right of cross-appeal by their failure to give notice ''within 10 days after the notice of appeal is served on them,'' as required by the statute?

Again: on May 31, 1966, (some 100 days after the alleged notice of appeal) the trial court entered an ''order'' in which it determined that the objections of the plaintiffs to the order of the court extending appeal time to seven months were not well founded and that the statement in the prayer contained in the motion for a new trial filed February 21, 1966, constituted substantial compliance with sections 2 and 3 of Act 555. Unquestionably plaintiffs would be entitled to have this order reviewed on cross-appeal and yet if the plain

letter of the law is followed the 10 days notice requirement of the statute governing cross-appeals would deny them that right—unless of course we rewrite the statute.

§ 27-2106.2, *supra,* is clear regarding the clerk's duty to inform all parties of the filing of notice of appeal and cross-appeal. If the clerk had accepted the statement in defendants' motion for a new trial as the required statutory notice he would then have been confronted with the problem of wording the notice. He couldn't have given positive notice that an appeal was being taken because no one knew at that time. Orderly procedure would hardly be served constructively if the clerk were called upon to give a preliminary notice of intent to appeal in case of an adverse ruling and then some weeks later give a final notice after disaster had struck. Our lawmakers certainly could not have contemplated that any such construction would be placed on the products of their constructive labors.

The General Assembly at the behest of the Organized Bar of Arkansas enacted Act 555 for the purpose of expediting and simplifying appeal procedures in line with rules governing appeals in federal courts. It is a good measure and the courts should be extremely reluctant to emasculate it in efforts to relieve every unfortunate incident that arises. It was clearly the legislative intent that notice of appeal be given at the conclusion of litigation and not at some intermediate point (or points) during the progress thereof.

Naturally appellate courts give liberal construction to acts of this character, as they should, but no litigant should expect such liberality in construction as to render worthy legislation completely impotent. There must come a time when "generous construction" yields to the clear intent of our law making body and the weal of orderly procedure.

The motion to dismiss the appeal is granted.

HARRIS, C. J., dissents.

CARLETON HARRIS, Chief Justice, dissenting. I recognize that there are two sides to the question here presented, but because of the fact that the law favors determination of cases on the merits, rather than on technicalities of procedure, I would affirm the Circuit Court in its holding that the notice of appeal herein is adequate. In *Wilhelm* v. *McLaughlin*, 228 Ark. 582, 309 S. W. 2d 203, decided in 1958, the Chancellor, at the conclusion of the trial, delivered a comprehensive oral opinion, determining the issues which had been presented. Shortly thereafter, Wilhelm filed a notice of appeal, but this notice was given several days before the decree itself was signed. Thereupon, McLaughlin contended that the appeal notice had not been properly given, the contention being that the notice had to be given after the entry of the decree. This court held that the notice was sufficient, stating:

"* * * Many situations may be conceived in which needless hardship would result from an inflexible rule nullifying every notice of appeal filed before the entry of the judgment.* * *

"* * * The decisions of the state courts, construing statutes having some similarity to ours, are not in harmony, but we prefer the view that gives effect to a notice of appeal such as that filed by these appellants.

"In a case like this one the Supreme Court of Washington explained its position with these words: 'The statutes governing appeals should be liberally construed, to the end that parties may have a review by this court of the rulings of the superior courts when they so desire. The appeal statute thus construed will require us to give force to a notice of appeal given after the court had announced its decision, although it was before the signing and entering of the formal judgment. For some purposes the judgment may not be complete until thus signed and entered, but, after such announcement, it was so far complete as to sustain a notice of appeal.' "

Our statute was patterned after Rule 73(b) of the Federal Rules of Civil Procedure, and there are numerous federal cases in which a liberal interpretation is given to the rule under consideration, in order that the right of appeal might be preserved. I see no point, however, in mentioning these cases, since I deem our own case, *Wilhelm* v. *McLaughlin, supra,* to be controlling in the matter at hand.

I therefore respectfully dissent.