Carolyn Ann Pickett CASKEY *v.* Jerry D. PICKETT

615 S.W. 2d 359

Supreme Court of Arkansas
Opinion delivered May 18, 1981

*Henry C. Morris*, for appellant.

*Michael Castleman*, for appellee.

JOHN I. PURTLE, Justice. Ordinarily we do not dispose of this type of motion by written opinion; however, since the question is apt to recur, we think it best to dispose of the motion by a written opinion. The question is presented by a motion for a rule of the clerk to require the acceptance of an appeal in the supreme court. The decision in this case was rendered on August 15, 1980, and was entered *nunc pro tunc* on September 30, 1980. The appellant gave notice of appeal prior to the entry of the judgment. The record was tendered to this court within the time allowed by law if the date is figured from the entry of the judgment. However, if time is figured from the rendition of the judgment, or from the notice of appeal, the transcript is late.

Arkansas Rules of Appellate Procedure, Rule 4 (a), provides that notice of appeal must be filed within 30 days from the entry of the judgment, decree or order appealed

from or within 10 days from the disposition of post-judgment motion extending the time in which to appeal. The rule does not shorten the 30 days granted in which to give notice of appeal. Rule 4(e) specifies that a judgment or decree is entered within the meaning of this rule when it is filed with the clerk of the court in which it was tried. J. Wright, *Appellate Advocacy Handbook* 27 Processing an Appeal § 4 (1980).

Rule 2 (a)(1) allows an appeal from a final judgment or decree entered by the trial court. In *Wilhelm* v. *McLaughlin*, 228 Ark. 582, 309 S.W. 2d 203 (1958), we stated:

> The statute provides that the notice of appeal must be filed within 30 days from the entry of the judgment or decree. ... We have held that the period of 30 days is to be calculated from the date on which the judgment is filed with the clerk for entry on the record. ... *We adhere to that view and do not mean by this opinion to shorten the time within which a notice of appeal may be filed after the entry of the judgment or decree.* (Emphasis added)

Therefore, a party has 30 days from the actual entry of the judgment into the records in which to file an appeal. In *Wilhelm* we also held that a notice of appeal filed between the rendition and entry was not void. There we stated such a rule, as argued for by the appellee in the present case, would work needless hardships on a number of people. The main point in the *Wilhelm* opinion was that we specifically stated that an early filing of notice did not shorten the time within which to appeal. This is specifically the question presented by the present motion.

In the case of *Cranna, Administrator* v. *Long*, 225 Ark. 153, 279 S.W. 2d 828 (1955), we stated:

> When an appeal is permitted by law any party to the action may appeal from a judgment or decree, by filing with the court in which the case is tried a notice of appeal within 30 days from the *entry of the judgment* or decree appealed from. ... The filing of the judgment

with the clerk for entry is the decisive date under the above-quoted statute. ...

One of the earliest cases reviewed was that of *Providence Rubber Co.* v. *Charles Goodyear*, 73 U.S. 153 (6 Wall), 18 L. Ed. 762 (1868), and in part stated:

> It appears to have been entered "as of the 28th of November." But this circumstance did not affect the rights of the parties in respect to appeal. Those rights are determined by the date of the actual entry, or of the signing and filing of the final decree. That test ascertains, for the purpose of appeal, the time of rendering the decree, as the 5th of December, 1866. The appeal in this case, therefore, was rightly taken to the present term.

Without burdening the record, it appears that all cases reviewed hold to the principle that the date of entry of the decree, order or judgment is the trigger for the running of appeal time.

A *nunc pro tunc* order cannot be utilized to make the record show what ought to have been done, but was not done. Its purpose is to make the record reflect the transaction which actually occurred, and which is not reflected by the record because of mistake or inadvertence. *Harrison* v. *State*, 200 Ark. 257, 138 S.W. 2d 785 (1940).

The Supreme Court of Oregon in *Turlay* v. *Farmers Insurance Exchange*, 488 P. 2d 406 (Ore., 1971), stated;

> The office of a nunc pro tunc entry is to make a record of what was previously done, but not then entered; not to make an order now for then, but to enter now for then an order previously made.

We recognize that an unusual delay in the entry of a decree or judgment frequently works a hardship on one of the parties. However, we point out that it is not alone the duty of the court to see that the record is entered but the responsibility also rests with the attorneys involved. Cer-

tainly, if any one of the parties involved had been diligent in procuring the entry of the order, we would not have the present case before us.

The notice of appeal was timely filed, as supported by case law, statute and rule. Therefore, we do not think it would do justice to penalize a party who filed notice prior to the entry of the decree or judgment. We hold that the filing of notice of appeal before entry of a final order simply becomes effective at the time the final order is entered. The adverse party has not been disadvantaged or suffered any harm. Therefore, the rule will be granted.