416

Gardner SMITH, Jr. *v.* STATE of Arkansas

630 S.W. 2d 22

Supreme Court of Arkansas
Opinion delivered March 29, 1982

*Charles Allen,* for appellant.

*Steve Clark,* Atty. Gen., for appellee.

PER CURIAM. Gardner Smith, Jr., by his attorney, has filed a motion for a rule on the clerk.

The motion admits that the record was not timely filed and states the reason for the delay is:

> That subsequent to the filing of the Notice of Appeal the Circuit Court on a Petition filed by the Defendant entered an order extending the time for filing and docketing the Appeal to and including March 12, 1982.

> That the Defendant has been advised by the Supreme Court Clerk that the time in which to file the Transcript expired during the later part of February, 1982 and refuses to file the Transcript with the Court.

That the Defendant states that the error committed herein is a harmless error and based entirely on miscalculation on the final date. That, in addition, the Defendant would rely on the Order Extending Time for filing and docketing the appeal to March 12, 1982 signed by the Honorable John L. Anderson, Circuit Judge.

An extension of time to file a record cannot extend the time for filing the transcript by more than seven months from the date judgment was entered. Rule 5 (b), Rules of Appellate Procedure, Ark. Stat. Ann. Vol. 3A (Repl. 1979). It is the duty of the attorney to see that the record is timely filed. No good reason is shown for the delay and we will deny the motion as it is filed.

If the affidavit attached to the motion had stated that the attorney made an error or had been careless in the computation of time, or gave any good cause, the motion could be granted. In a per curiam opinion regarding belated appeals rendered February 5, 1979, 265 Ark. 964, we discussed the problem of an untimely tender of a record *caused by the attorney*. We decided that we have no alternative but to grant the motion for relief in such a case. However, we pointed out that a copy of the opinion would be forwarded to the Committee on Professional Conduct as is our practice.

This denial of a belated appeal is without prejudice. If good cause is shown later, we can grant the motion.