James FINLEY *v.* STATE of Arkansas

661 S.W.2d 358

Supreme Court of Arkansas
·Opinion delivered November 21, 1983

*Jeff Rosenzweig,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Deputy Atty. Gen., for appellee.

PER CURIAM. The appellant filed a motion for a rule on the clerk because the clerk, quite properly, refused to accept the record.

An order extending the time for lodging the transcript was signed by the trial court on the 8th of August, 1983, but it was not *entered,* that is, filed with the clerk for entry upon the records, until the 10th of August, a day after the transcript was due to be filed.

Counsel mailed the extension order to the judge and the order was mailed by the judge to counsel in Little Rock, rather than to the circuit clerk in Danville as counsel claims it should have been. No doubt if it had been mailed to Danville it would probably have been entered before time expired to file the transcript.

The critical act in such cases is when the order is *entered* not signed. *Cranna* v. *Long,* 225 Ark. 153, 279 S.W.2d 828 (1955); *Wilhelm* v. *McLaughlin,* 228 Ark. 582, 309 S.W.2d 203 (1958); *Casey* v. *Pickett,* 272 Ark. 521, 615 S.W.2d 359 (1981).

It is the duty of counsel, not the judge, not the clerk, not the reporter, to perfect an appeal. *Smith* v. *State,* 275 Ark. 416, 630 S.W.2d 22 (1982); *Wilson* v. *State,* 273 Ark. 456, 620 S.W.2d 936 (1981); *Melton* v. *State,* 273 Ark. 474, 620 S.W.2d 946 (1981). Counsel must see that orders are *entered* on time; merely obtaining a signature on an order is not sufficient to extend the time. Counsel must anticipate problems of time and be prepared to do all acts necessary to perfect an appeal and it is no excuse or good cause that a judge, clerk, or reporter miscalculates the time or fails to file an order on time. It is not often the case an official refuses to perform a duty; invariably in such cases counsel expects the officials to do the work of counsel.

In this case it was the lawyer's duty to see that the order was entered, not the judge's. Therefore, the request for a rule on the clerk is denied. If counsel will concede it was his fault the order was not entered on time, we will grant the motion for a rule on the clerk in accordance with our Per Curiam opinion dated February 5, 1979, 265 Ark. 964.

Denied.