Ronald Dean TAYLOR v. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES (COLORADO) and Phyllis A. FAMILY

CA 85-460                                        712 S.W.2d 332

Court of Appeals of Arkansas
Division I
Opinion delivered July 9, 1986

---

*Watkins Law Firm*, by: *Sallie L. Stroud*, for appellant.

*Brian E. Rogers*, Child Support Enforcement Unit, for appellees.

JAMES R. COOPER, Judge. On February 3, 1983, the Juvenile Court of Jefferson County, Colorado, found the appellant, Ronald Dean Taylor, to be the father of the minor child, Aaron Blu Family. The judgment also ordered Mr. Taylor to pay the sum of $170.00 per month through the registry of the Denver Juvenile Court for the support of the child.

In September of 1983, the appellee filed a complaint against the appellant in the County Court of Madison County, Arkansas, pursuant to the Uniform Reciprocal Enforcement of Support Act. After a hearing, the paternity referee found that the judgment entered in Colorado was entitled to full faith and credit in Arkansas and entered judgment November 14, 1984, *nunc pro tunc*, ordering the appellant to pay the sum of $170.00 per month for support of the minor child as well as arrearages, lying-in expenses, and court costs.

The appellant gave notice of his intent to appeal the paternity referee's decision to the Madison County Circuit Court by filing a notice of appeal with the Madison County Clerk on November 21, 1984; however, this notice of appeal was not transmitted to the Madison County Circuit Clerk until December 28, 1984. The appellee filed a motion to dismiss the appellant's appeal for failure to perfect the appeal within thirty days. The appellant responded, arguing that the applicable time limitation for his appeal from the county court decision was six months, rather than thirty days. A hearing on the motion was held, and the circuit judge ruled that the appellant was late in filing his prayer for appeal. An order dismissing the appeal was entered, and from

that order, the appellant brings this appeal.

The appellant asserts that, because the case was one based on enforcement of support and not determination of paternity, Ark. Stat. Ann. Section 27-2001 (Repl. 1979), not Ark. Stat. Ann. Section 34-701.1(b) (Supp. 1985), governs the time for filing the notice of appeal. Section 27-2001 provides generally for appeals from county court to circuit court: "Appeals shall be granted as a matter of right to the circuit court from all final orders and judgments of the county court . . . at any time within six (6) months after the rendition thereof." Section 34-701.1(b) provides specifically for appeals from county court to circuit court in bastardy proceedings:

> Appeals from *any decision of the bastardy referee* may be taken as a matter of right to the circuit court in the county in which the case was decided by causing the record to be filed with the clerk of the circuit court *within thirty (30) days* after the decision of the bastardy referee is rendered. Upon request of the defendant, it shall be the duty of the clerk in charge of bastardy matters to transmit the record to the clerk of the circuit court. (Emphasis added)

Furthermore, Ark. Stat. Ann. Section 34-709 (Repl. 1962) states that an appeal will lie from a judgment of the county court to the circuit court in all cases of bastardy in the same manner as appeals from judgments of justices of the peace to circuit courts. Appeals from judgments of the justices of the peace are governed by Rule 9 of the Rules of Inferior Courts (Repl. 1979), which provides that all appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty days from the date of the entry of the judgment. Although the Inferior Court Rules exclude county courts from their scope, *Thomas* v. *Easley*, 277 Ark. 222, 640 S.W.2d 797 (1982), held that appeals in bastardy cases from county court to circuit court were subject to Rule 9 by virtue of Section 34-709 and, therefore, must be made within thirty days from the date of the entry of the judgment.

■■ In matters of statutory construction, where specific expressions conflict with general expressions, the greater effect is given to the more specific expression. *Id.* Because Sections 34-

701.1(b) and 34-709 provide specifically that appeals in all proceedings concerning bastardy must be perfected within thirty days, these statutes, rather than Ark. Stat. Ann. Section 27-2001, are applicable to this case.

Section 34-701.1 authorizes the county court to appoint a bastardy referee to hear proceedings in bastardy and to sit as special master "in all matters which come before the court." The statute goes on to state that "any decision of the bastardy referee may be taken as a matter of right to circuit court . . . within thirty days . . . after the decision of the bastardy referee is rendered." Therefore, there is no basis for distinguishing between an action under URESA for support and an action to determine paternity with regard to the time within which an appeal from county court must be brought to circuit court.

The appellant also argues that, pursuant to Sections 27-2001 and 27-2003, it was the duty of the county clerk to transmit the record on appeal upon the timely filing of the appellant's notice of appeal. Section 34-701.1(b) states ". . . it shall be the duty of the clerk in charge of bastardy matters to transmit the record to the clerk of the circuit court." However, it is the duty of the appellant or the appellant's counsel, not the court clerk, to perfect an appeal. *Finley* v. *State*, 281 Ark. 38, 661 S.W.2d 358 (1983); *Davis* v. *C & M Tractor Company*, 2 Ark. App. 150, 617 S.W.2d 382 (1981). The appellant's argument in this regard is also rejected.

Affirmed.

CRACRAFT, C.J., and GLAZE, J., agree.