Jamie M. Hardin DIEMER, as Administratrix of the Estate of Jerry Keith Hardin, Deceased

*v.* YELLOW FREIGHT SYSTEM, INC., Tremco Incorporated and Roof Maintenance, Inc.

95-238                                                                    898 S.W.2d 53

Supreme Court of Arkansas
Opinion delivered May 22, 1995

■

*The McMath Law Firm, P.A.*, by: *Sandy McMath*, for appellant.

*Friday, Eldredge & Clark*, by: *Donald H. Bacon*, for Yellow Freight System, Inc.

*Allen Law Firm*, by: *Sandra Jackson*, for Tremco, Inc.

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Mike Huckabay*, for Industrial Painters, Inc.

PER CURIAM. Appellant's motion for reconsideration is denied.

BROWN, J., concurs.

GLAZE and ROAF, JJ., would grant.

NEWBERN, J., not participating.

ROBERT L. BROWN, Justice, concurring. I agree that the motion for reconsideration should be denied based on controlling precedent. But I also believe that the time has come for this court

to revisit the issue involved in this case. Simply stated, it concerns whether a notice of appeal filed on the same day that the judgment is entered, but minutes before that entry, should be deemed ineffective. We have held that it should be. *See Lawrence Bros., Inc.* v. *R.J. "Bob" Jones Excavating Contractor, Inc.*, 318 Ark. 328, 884 S.W.2d 620 (1994) (per curiam) (J. Brown and J. Hays dissenting on other grounds); *Kelly* v. *Kelly*, 310 Ark. 244, 835 S.W.2d 869 (1992), *overruling in part Joshua* v. *State*, 307 Ark. 79, 818 S.W.2d 249 (1991). In *Lawrence Bros.*, the facts were similar to the case at hand in that the notice of appeal was filed on the same day as entry of the pertinent judgment, but minutes before. We declared the notice to be of no effect.

Prior to the *Kelly* decision, this court had treated notices of appeal filed before entry of judgment as becoming effective at the time the judgment was entered. *See State* v. *Joshua, supra; Edmonds* v. *State*, 282 Ark. 79, 665 S.W.2d 882 (1984) (per curiam); *Caskey* v. *Pickett*, 272 Ark. 521, 615 S.W.2d 359 (1981); *Wilheim* v. *McLaughlin*, 228 Ark. 582, 309 S.W.2d 203 (1958). In *Wilheim*, Justice George Rose Smith wrote: "Many situations may be conceived in which needless hardship would result from an inflexible rule nullifying every notice of appeal filed before the entry of the judgment." 228 Ark. at 584, 309 S.W.2d at 204.

Though I would not go so far as some of our earlier cases, I believe that we should amend Ark. R. App. P. 4(a) and its counterpart in the criminal rules, Ark. R. Crim. P. 36.9(a), by per curiam order, so that notices of appeal filed *the same day* as judgments are treated as timely filed. Part of the problem here is that in many instances clerks determine the precise time when documents are filed on a particular date. The happenstance of when a filing transpires under these circumstances should not determine the rights of the parties.