STATE of Arkansas *v.* Bryan Ray VAUGHAN

CR 00-724

33 S.W.3d 512

Supreme Court of Arkansas
Opinion delivered December 15, 2000

*Mark Pryor*, Att'y Gen., by: *Joseph C. Cordi, Jr.*, Ass't Att'y Gen., for appellant.

*James & Carter PLC*, for appellee.

RAY THORNTON, Justice. The determinative issue in this appeal is whether the circuit court had jurisdiction on April 10, 2000, to consider Vaughan's speedy-trial motion. Appellee contends that, because he did not have notice of the April 8, 1997, hearing, and order dismissing his appeal from municipal court, there was no limit to the time in which he could move to set aside the order of the trial court dismissing that appeal. He further contends that the trial court had jurisdiction to set aside the dismissal and reinstate the appeal at any time, even by an order filed after the trial judge no longer served as judge of the circuit court having jurisdiction. We disagree, and we hold that the trial court was without jurisdiction to consider a speedy-trial issue stemming from a void order reinstating his appeal.

On October 3, 1996, Bryan Ray Vaughan pleaded guilty in Bryant Municipal Court to second-offense driving while intoxicated and to carrying a weapon. For the DWI offense, the municipal court sentenced him to ten days in jail, fined him $950.00 plus court costs, ordered him to attend DWI school, and suspended his driver's license for one year. Vaughan timely appealed his conviction and sentence to circuit court on October 22, 1996, and contemporaneously with the perfection of the appeal, a trial date was set for April 8, 1997. Vaughan did not appear for his *de novo* trial on April 8, 1997, and the circuit court, with the Honorable Phillip Shirron presiding, dismissed Vaughan's appeal and remanded the case to the municipal court.

Vaughan's counsel did not receive notice of the April 8, 1997, trial date, or the remand to municipal court, until March 27, 1998. More than six months after receiving notice, and eighteen months after the April 8, 1997, order dismissing his appeal, Vaughan filed on October 9, 1998, a motion to reinstate his appeal, alleging that neither he nor his client received notice of the April 8, 1997, trial date. On December 28, 1998, Judge Shirron signed an order purporting to grant Vaughan's motion, but the order was not filed until

January 6, 1999, after Judge Shirron was transferred to a different division.

Vaughan then waited an additional one year before he filed a speedy-trial motion to dismiss the charges, and the State filed a response, arguing that the case was not properly before the circuit court, over which the Honorable Grisham Phillips was then presiding. After a hearing on the matter, Judge Phillips granted Vaughan's motion to dismiss the charges on the basis of our requirement for a speedy trial. Judge Phillips found that Vaughan's appeal had been reinstated on January 6, 1999, and that Judge Shirron had subject-matter jurisdiction over the matter and had the authority to reinstate the appeal based upon the lack of notice to Vaughan and his counsel of the April 8, 1997, trial date. It is from this order that the State brings its appeal.

■■ With regard to the trial court's jurisdiction to decide the speedy trial issue, that issue is one that can be raised at any time, even for the first time on appeal. *Ibsen v. Plegge,* 341 Ark. 225, 15 S.W.3d 686 (2000). The order of the circuit court reinstating the appeal was void because it was entered after Judge Shirron was no longer serving as the circuit judge. We have held that an order is not entered until it is filed. *Finley v. State,* 281 Ark. 38, 661 S.W.2d 358 (1983) (per curiam). In the present case, Judge Shirron's order was not entered until January 6, 1999, and by that time, Judge Shirron was no longer a circuit judge in Saline County Circuit Court.

■ Article 7, section 13, of the Constitution of Arkansas provides that a circuit judge "shall reside in and be a conservator of the peace within the circuit for which he shall have been elected." *Id.* In accordance with these provisions of our constitution, Ark. Code Ann. § 16-88-105 (1987) provides that circuit courts shall have jurisdiction to try criminal offenses within the bounds of the geographical judicial district: "The local jurisdiction of circuit courts . . . shall be of offenses committed within the respective counties in which they are held." *Id.* Similarly, Ark. Code Ann. § 16-13-210 (1987) provides that a circuit judge who is "physically present in the geographical area of the judicial district which he serves as judge may hear, adjudicate, or render any appropriate order with respect to, any cause or matter pending in any circuit court over which he presides[.]" *Id.* In sum, our constitution and applicable statutes provide that a circuit judge may act in a criminal case only when he is within the geographical area of the judicial

district in which the charge is filed, and we have so held for over 150 years. *See Sexson v. Municipal Court of Springdale*, 312 Ark. 261, 849 S.W.2d 468 (1993); *Auditor v. Davies*, 2 Ark. 494 (1840), *Dunn v. State*, 2 Ark. 229 (1840).

■ "Jurisdiction" is the power of the court to decide cases and presupposes control over the subject matter and the parties. *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). Circuit judges have authority to preside only over cases pending in the judicial district in which they serve. *Id.* Judge Shirron did not have jurisdictional authority over Vaughan's case after he left that judicial district. An order executed by a person lacking authority to act as judge is facially invalid. *Waddle v. Sargent*, 313 Ark. 539, 855 S.W.2d 919 (1993). Judge Shirron's order dated January 6, 1999, was invalid because he did not have the authority to act as circuit judge in Saline County Circuit Court when it was entered.

■■ Therefore, we hold that Judge Phillips did not have jurisdiction over the appeal, and did not have authority to grant Vaughan's motion to dismiss. When the court in which the action is filed has no jurisdiction, the appellate court should dismiss the whole case for want of jurisdiction. *First Pyramid Life Ins. Co. of America v. Reed*, 247 Ark. 1003, 449 S.W.2d 178 (1970). The circuit court's judgment granting relief on the basis of a speedy trial violation is dismissed for want of jurisdiction.

Reversed and dismissed.

ARNOLD, C.J., and CORBIN, J., concur.

W.H. "DUB" ARNOLD, Chief Justice, concurring. I agree with the majority's holding that the trial court did not have jurisdiction to decide the speedy-trial issue. I write separately to note that it is the duty of the attorney to remain abreast of the progress of a case in which he or she is involved. *Lilly v. Earl*, 299 Ark. 103, 771 S.W.2d 277 (1989) (stating that an attorney is charged with this duty in criminal contempt matters). *See also Jetton v. Fawcett*, 264 Ark. 69, 568 S.W.2d 42 (1978).

CORBIN, J., joins this concurrence.