William G. WYLIE and Carolyn S. Wylie *v.* Gene B.
TULL and Helen C. Tull

88-11                                          749 S.W.2d 325

Supreme Court of Arkansas
Opinion delivered May 16, 1988

*Robert M. Abney*, for appellants.

*Randall L. Gammill*, and *Green & Henry*, by: *David G. Henry*, for appellees.

JOHN I. PURTLE, Justice. This is an appeal from an order of the chancellor quieting title in some of the several tracts of land which are involved in this lawsuit. There are many parties and several important legal questions involved in this case. Out of eight groups or classifications of property owners, the court made a final determination on five of the groups, quieting title in those appellees. However, the court did not render a final judgment on the remaining claims. With respect to these claims, the decree stated:

> That the property claimed by [one] plaintiff . . . is the subject of conflicting chains of title . . . ; that the Court must hear evidence to determine the effective chain of title . . . ; and that the question as to whether this Plaintiff has a claim to this property by adverse possession is not before this Court at this time and the Court does not rule on that issue . . . .
>
> That the property claimed by [another plaintiff] was granted to defendant's predecessors in title . . . ; and that the question of the Plaintiff's interest in said property created by adverse possession is not before this Court and is not the subject of this ruling.

That a part of the property claimed by [another plaintiff] was granted to the Defendant's predecessors in title . . . . The issue of any interest that the plaintiff may have in this property created by adverse possession is not at issue before this Court and this Court's ruling does not address this issue.

The concluding sentence of the decree states: "That this Court retains jurisdiction over the parties and the subject matter of this cause for such further orders [as are] necessary . . . ."

This is yet another case where ARCP Rule 54(b) requires the dismissal of this appeal. The rule reads as follows:

Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Several of the claims in this litigation are still pending before the court. The last part of Rule 54(b) states that an order adjudicating fewer than all the claims shall not terminate the action as to any of the claims or parties because the decision is subject to revision "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In *Arkhola Sand and Gravel Co.* v. *Hutchinson*, 289 Ark. 313, 711 S.W.2d 474 (1986), we stated:

A number of recent cases have pointed out that when multiple claims or multiple parties are involved in a case the trial court may direct the entry of a final judgment as to

one or more (but less than all) of the parties or claims *only* upon an express determination that there is no just reason for delay and upon the express direction for the entry of the judgment. [Emphasis in original.]

The chancellor in this case did not designate the judgment as a final and appealable order. Since the order did not dispose of all of the claims of all of the parties, the order appealed from is not appealable.

Appeal dismissed.