Mahlon MARTIN, Director of the Department of Finance and Administration, et al. *v.* COUEY CHRYSLER-PLYMOUTH, INC.

89-335                                          786 S.W.2d 576

Supreme Court of Arkansas
Opinion delivered April 2, 1990

*John Theis, Philip Raia, Robert L. Jones, William Keadle, Cora Gentry, David Kaufman, Malcolm Bobo, and Beth B. Carson,* by: *Rick L. Pruett,* for appellants.

*Johnson & Harrod,* by: *William E. Johnson,* for appellee.

DAVID NEWBERN, Justice. Couey Chrysler-Plymouth, Inc., (Couey) the appellee, brought suit in chancery court challenging a gross receipts tax jeopardy assessment made by the appellants. The appellants, referred to here collectively as the state, are Mahlon Martin, Director of the Arkansas Department of Finance and Administration, Jim Pledger, Commissioner of Revenues, and George Stepps, District Manager of the Office of Field Audit. The state counter-claimed, alleging Couey was liable for a penalty equal to the tax evaded by its customers because of

fraudulent sales contracts prepared by Couey. The court granted Couey's motion for summary judgment, holding that the automobile sales taxes assessed against Couey were not owed. The state filed a notice of appeal. The court entered an order extending indefinitely Couey's time limit for answering the counterclaim in view of the notice of appeal from the summary judgment order. We must dismiss the appeal for failure to comply with Ark. R. Civ. P. 54(b).

The rule provides, in part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party action, . . . the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims. . . .

We have repeatedly declined to hear appeals where there has been no final order as to all parties or claims in the absence of compliance with the rule. *See, e.g., Wylie* v. *Tull*, 295 Ark. 481, 749 S.W.2d 325 (1988); *Arkhola Sand and Gravel Co.* v. *Hutchinson*, 289 Ark. 313, 711 S.W.2d 474 (1986). We find in the record before us no "express direction for the entry of judgment" based upon "an express determination that there is no just reason for delay."

Appeal dismissed.