ST. PAUL FIRE AND MARINE INSURANCE
COMPANY; Maxwell Baldwin and David Barclay *v.*
FIRST COMMERCIAL BANK of Little Rock, Arkansas
as Guardian of the Estate of Eric Wayne Eslick, a Minor;
Gary Eslick and Linda Eslick, Parents and Next Friends of
Eric Wayne Eslick, a Minor

90-224                                              801 S.W.2d 652

Supreme Court of Arkansas
Opinion delivered January 14, 1991

*McMillan, Turner & McCorkle*, by: *F. Thomas Curry*, for appellants.

*The Haskins Law Firm*, for appellees.

JACK HOLT, JR., Chief Justice. This appeal arises from a declaratory judgment and involves the interpretation and construction of an insurance policy. We do not reach the merits of the appeal since the trial court's order fails to comply with Ark. R. Civ. P. Rule 54(b).

The appellees, First Commercial Bank (Bank), as guardian of the estate of Eric Wayne Eslick, a minor, and Gary and Linda Eslick, parents and next friends of Eric Wayne Eslick, sued Maxwell Baldwin, James Kwee, Richard B. Clark, and David Barclay for alleged medical malpractice in the obstetrical care of Linda Eslick and the delivery of her son, Eric Eslick. The issues on appeal, however, only concern the malpractice insurance coverage of the appellants, Dr. Baldwin and Dr. Barclay.

At the time of the alleged malpractice, Doctors Baldwin and Barclay were members of the University of Arkansas School of Medicine faculty and were involved in the administration and operation of the University resident program, of which Linda Eslick was a patient. In addition, Doctors Baldwin and Barclay practiced medicine under the auspices of the University Medical Group (UMG), which is an association of University faculty physicians engaged in private practice. The doctors were insured against medical malpractice by a policy issued by appellant, St. Paul Fire and Marine Insurance Company (St. Paul), in 1973.

St. Paul was allowed to intervene in the action since it contended that the policy was intended to cover only those acts or omissions occurring while the doctors were engaged in private practice as members of the UMG, and not, as alleged in the Bank's complaint, those acts or omissions involving the doctors'

positions as state employees working with the resident program.

The parties filed a joint motion for declaratory relief requesting the court to determine the extent of coverage afforded by the policy and stipulating that Doctors Baldwin and Barclay would only be liable to the extent of any insurance coverage.

The trial court held that the insurance policy was "sufficiently broad in scope" as to insure the appellant physicians not only in their private practice but in their capacities as state employees as well. The court's order provided that it's decision was a "final judgment as to St. Paul" and dismissed that party from the lawsuit; however, it specifically stated that Doctors Baldwin and Barclay "should be retained as party defendants in this litigation." Unfortunately, the order did not reflect that the trial court made an express determination that there was no just cause for delay, as required by Rule 54(b).

■ Rule 54(b) provides in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, a counterclaim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay* and upon an express direction for the entry of judgment . . . .(Emphasis added).

We have stated many times that strict compliance with Rule 54(b) is necessary before an order is appealable, and we have specifically held that the absence of "an express determination that there is no just reason for delay" prevents us from hearing the appeal. *Martin* v. *Couey Chrysler-Plymouth, Inc.*, 302 Ark. 33, 786 S.W.2d 576 (1990); *Tackett* v. *Robbs*, 293 Ark. 171, 735 S.W.2d 700 (1987).

■ Although the issue was not raised by the parties on appeal, compliance with this rule is a jurisdictional requirement that we must raise *sua sponte*. *Tackett* v. *Robbs, supra*. In doing so, we dismiss this appeal without prejudice.