Kyle COOMBS *v.* HOT SPRINGS VILLAGE PROPERTY
OWNERS ASSOCIATION, *et al.*

CA 01-52                                                    57 S.W.3d 772

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered October 31, 2001

*T.B. Patterson, Jr., P.A.*, for appellant.

*Wright, Lindsey & Jennings, LLP*, by: *Kyle R. Wilson*, for appellee.

ANDREE LAYTON ROAF, Judge. Kyle Coombs appeals from the circuit court's order that denied his motion to nonsuit his tort action against the appellees, granted the appellees' motion for summary judgment, and dismissed Coombs' complaint with prejudice. On appeal, Coombs argues that the trial court erred in denying his motion for a voluntary nonsuit pursuant to Ark. R. Civ. P. 41(a) because the motion was filed before the case was finally submitted. We agree that the trial court erred, and reverse and remand.

Coombs brought a tort action against appellees, in which he alleged claims of false arrest and imprisonment, malicious prosecution, tortious interference with a business relationship, abuse of process, and breach of contract. One month before the scheduled trial date, the appellees moved for summary judgment. Coombs moved for additional time to respond to the summary-judgment motion. Although the motion for time was not granted, Coombs failed to respond and, when he appeared at a scheduled pretrial hearing after the time for responding had expired, he was not prepared to defend the motion. The appellees requested that the court rule on the summary judgment motion. Coombs again requested an extension of time. The trial court, who was sitting on assignment from another county, granted a one-week extension of time with the stipulation that further pleadings must be in the judge's hands by September 1, 2000, that they must be faxed to the judge's office in Murfreesboro, and that appellees would have five days to respond. Shortly before the close of business on September 1, Coombs filed with the court clerk another motion for an extension of time or, in the alternative, a motion for a voluntary nonsuit. The trial judge refused to grant the additional time, and stated in a letter opinion dated September 9, 2000, that the motion for nonsuit was made after the court had ruled on the summary-judgment motion. The court entered summary judgment for appellees on September 15, 2000.

Coombs next filed a motion to set aside the summary judgment on September 25, 2000, in which he asserted that the judgment was entered prior to any final submission to the court. In a brief accompanying his motion, Coombs contended that he had been unable to speak to the court or his case coordinator because

the court closed early on September 1, 2000, but that he had faxed the motion for additional time that included an alternative request for voluntary dismissal under Ark. R. Civ. P. 41(a) to the court as agreed on that date.

The trial court advised the parties by letter that it had given Coombs specific instructions on how and when he was to respond to the motion for summary judgment, that Coombs had failed to carry out his instructions, and that the request for nonsuit came after the court had already made its decision. The court denied the motion to set aside the summary judgment by order dated October 23, 2000.

Coombs argues on appeal that the trial court erred in denying his motion for a voluntary nonsuit under the provision of Ark. R. Civ. P. 41(a). He asserts that the motion came before the case had been submitted to the court and that he was entitled to an order dismissing the action as a matter of right.

Arkansas Rule of Civil Procedure 41(a), addressing voluntary dismissal, in pertinent part states:

> Subject to the provisions of Rule 23(d) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. Although such a dismissal is a matter of right, it is effective only upon entry of a court order dismissing the action.

Both parties are in agreement relating to the standard for determining whether a plaintiff has a right to a nonsuit. "[T]he privilege to take a voluntary nonsuit is an absolute right prior to final submission to a jury or to the court sitting as a jury." *Wright v. Eddinger,* 320 Ark. 151, 154, 894 S.W.2d 937 (1995); *Duty v. Watkins,* 298 Ark. 437, 768 S.W.2d 526 (1989); *see also Beverly Enterprises-Arkansas, Inc. v. Hillier,* 341 Ark. 1, 14 S.W.2d 487 (2000); *Haller v. Haller,* 234 Ark. 984, 356 S.W.2d 9 (1962); *Mutual Benefit Health & Accident Ass'n v. Tilley,* 174 Ark. 932, 298 S.W.2d 215 (1927). Therefore, if a voluntary nonsuit is sought before the final submission of the case, then the nonsuit is an absolute right. *Wright v. Eddinger, supra.* If the nonsuit is requested after final submission of the case, it is within the trial court's discretion to grant or not grant it. *Id.*

Coombs filed his motion on the day his response to appellees' motion for summary judgment was due, Friday, September 1,

2000. Coombs asserts that although the court had indicated that it wanted his response in time to make its decision on that Friday, the court granted appellees five days to reply to the response, and therefore, "[r]egardless of what the [appellant] filed, the [appellees] had requested and received the acknowledged right to reply within five days afterward. The matter simply was not submitted to the court for decision when it denied [appellant's] motion for a voluntary nonsuit." We agree.

■ A case is not finally submitted until the argument is closed and the case submitted to the jury or the court. *Wright v. Eddinger, supra. See also Haller v. Haller, supra.* In *Wright v. Eddinger, supra,* the principal point on appeal was whether under ARCP Rule 41(a) a trial court may grant a request for voluntary nonsuit where the trial court had announced its decision to grant the defendants' motion for summary judgment. The trial court granted the nonsuit and the defendant appealed. Plaintiff contended on appeal that the argument had not been concluded because she had filed a supplemental memorandum. The supreme court did not agree, and opined that under appellee's theory, "the losing party could simply submit a brief after the trial court's ruling and contend the case was never finally submitted." However, the court ultimately held that the trial court did not abuse its discretion in granting the nonsuit, and affirmed.

In *Duty v. Watkins,* 298 Ark. 437, 768 S.W.2d 526 (1989), a hearing was held on a motion to dismiss the complaint for failure to answer discovery requests. The plaintiff appeared and asked to take a nonsuit under ARCP Rule 41(a), which was denied by the trial court. On appeal, it was determined that plaintiff's request for nonsuit should have been granted. "The rule is clear that the privilege to take a nonsuit before final submission of a case is absolute." *Duty v. Watkins, supra, citing Haller v. Haller, supra.* The court stated that the case had not been finally submitted because, "although the case had come to a hearing, the argument was not yet closed." *Id.*

In the present case, Coombs contends that the argument had not been closed because he still had the right to file a response and appellees retained the right to submit a reply. The trial court instructed Coombs to submit his response by September 1, 2000. On September 1, 2000, appellant instead filed a motion for an extension and, in the alternative, moved for a nonsuit. The trial court did not address Coombs's motion, and on September 8, 2000,

Coombs filed for another extension and again asked, in the alternative, for a nonsuit. Finally, on September 9, 2000, the trial court sent a letter to counsel stating, "When I did not receive any information in response to the Defendant's motion for summary judgment from [Coombs's counsel] as requested and directed by the Court, I then contacted [appellees' counsel] and informed him to prepare an Order with Findings of Fact and Conclusions of Law and forward it to me for my signature." The trial court signed the order of dismissal on September 11, 2000, and it was entered on September 15, 2000..

We find this case distinguishable from *Wright v. Eddinger, supra.* While it is clear that a party cannot "simply submit a brief after the trial court's ruling and contend the case was never actually submitted, unlike the situation in *Wright,* the trial court did not issue a final ruling. The trial court stated that it was "quite impressed" with the motion for summary judgment and that it intended to grant the motion unless Coombs could present something by Septmber 1 to "convince me otherwise;" however, at no point during the pretrial hearing did the trial court state that it was granting appellees' motion for summary judgment on that date.

Instead, the trial court allowed Coombs until September 1 to respond, and Coombs, rather than responding to the merits of the summary judgment, moved for a nonsuit on that date. Under these circumstances the argument was not closed and the case had not been finally submitted to the court. Accordingly, the trial court erred in refusing to grant the motion. We reverse and remand for entry of an order dismissing the case without prejudice.

HART and JENNINGS, JJ., agree.

BAKER, J., concurs.

PITTMAN, J., and HAYS, S.J., dissent.

KAREN R. BAKER, Judge, concurring. I agree with the majority that this case must be reversed. I write separately to express my opinion that the trial judge lacked jurisdiction at the time the summary judgment was entered in this case. "Jurisdiction" is the power of the court to decide cases, and it presupposes control over the subject matter and the parties. *State v. Vaughan,* 343 Ark. 293, 33 S.W.3d 512 (2000) (citing *Davis v. Reed,* 316 Ark. 575, 873 S.W.2d 524 (1994)). Jurisdiction comes from the Arkansas Constitution and the statutes of this state. *See American Party of Ark. v.*

*Brandon*, 253 Ark. 123, 484 S.W.2d 881 (1972); *see also Marvel v. State*, 127 Ark. 595, 193 S.W. 259 (1917).

Arkansas Code Annotated section 16-13-210 (Repl. 1999) provides that a circuit judge who is "physically present in the geographical area of the judicial district which he serves as judge may hear, adjudicate, or render any appropriate order with respect to, any cause or matter pending in any circuit court over which he presides[.]"

Judge Yeargen heard this case on assignment in Garland County, which is part of the Eighteenth Judicial District, and ordered that any further pleadings be faxed to his office in Murfreesboro, Pike County, Arkansas, which is part of the Nineth Judicial District. Assignments are authorized by Amendment 77 (now Amendment 80) of the Arkansas Constitution and by section 16-10-101 (Repl. 1999) of the Arkansas Code. Article 7, section 22, of the Arkansas Constitution states that "the judges of the circuit courts may temporarily exchange circuits or hold courts for each other under such regulations as may be prescribed by law." Although Arkansas Code Annotated section 16-13-405 (Repl. 1999) provides exchange judges the authority to sign orders and papers outside their judicial districts if there is a valid exchange agreement in effect, there is no such statute for judges on assignment.

An extraterritorial order by a circuit judge in a criminal case is "*coram non judice* and void," *Waddle v. Sargent*, 313 Ark. 539, 542, 855 S.W.2d 919, 920-21 (1993) (citing *Williams v. Reutzel*, 60 Ark. 155, 29 S.W. 374 (1895), and jurisdiction cannot be conferred by consent. *Id*. (citing *Red Bud Realty Co. v. South*, 145 Ark. 604, 224 S.W. 964 (1920)). This jurisdictional restriction is codified at Arkansas Code Annotated section 16-88-105(b) (Supp. 2001), which provides that circuit courts shall have jurisdiction to try criminal offenses within the bounds of the geographical judicial district "within the respective counties in which they are held." Language restricting the territorial jurisdiction of chancellors is found at Arkansas Code Annotated section 16-13-317 (Repl. 1999).

In *Henderson v. Dudley*, 264 Ark. 697, 574 S.W.2d 658 (1978), our supreme court held that a chancellor of one judicial district had authority to sign an order while in a different county than the one in which the cause was pending, *as long as it was signed within the judicial district he served* and the court in which the action arose is one

over which the chancellor presided. (Emphasis added.) The clear inference is that trial judges, whether presiding over criminal or civil matters, have jurisdiction to sign orders only within the judicial district from which the cause arose and over which the judge presides.

An order executed by a person lacking authority to act as judge is facially invalid. *Waddle, supra.* Void judgments have no legal effect. *Davis v. Office of Child Support Enforcement,* 322 Ark. 352, 908 S.W.2d 649 (1995). Because the judge was not within the geographical area of the district, the court had no jurisdiction to enter a final judgment in the case. Therefore, the case could not have been before the court for decision. *See Wright v. Eddinger,* 320 Ark. 151, 894 S.W.2d 937 (1995).

JOHN MAUZY PITTMAN, Judge, dissenting. This case involves the ability of a trial judge to regulate proceedings in his courtroom. The appellant's attorney in the present case consistently failed to meet deadlines. The trial judge was in a position to grant summary judgment against appellant for his attorney's dilatory conduct. As a matter of grace, the trial judge gave appellant's attorney a final chance to respond to the summary-judgment motion, provided that certain express conditions were met. Appellant's attorney agreed to those conditions in open court. He then ignored them, waited until the grace period had expired, and filed a voluntary nonsuit instead of the promised response. The majority holds that the trial judge could not then enter summary judgment against appellant. I disagree.

Appellant brought a tort action against appellees. One month before the scheduled trial date, appellees moved for summary judgment. Appellant moved for additional time to respond to the summary-judgment motion. Although the motion for time was not granted, appellant failed to respond, and when he appeared at a scheduled pretrial hearing after the time for responding had expired, he was not prepared to defend the motion. Appellees requested that the court rule on the summary-judgment motion then and there. Appellant again requested an extension of time. The trial judge granted a one-week extension of time with the stipulation that further pleadings must be in the judge's hands by September 1, 2001, and that they must be faxed to the judge's office in Murfreesboro. Appellant did not comply with the terms of the extension. Instead, ten minutes before the close of business on September 1, appellant filed with the court clerk another motion for an extension of time or, in the alternative, a motion for a

voluntary nonsuit. The trial judge refused to grant additional time and entered summary judgment for appellees, stating in a letter opinion that the motion for nonsuit was made after the court had ruled on the summary-judgment motion. Appellant contends that the trial judge erred in denying his motion for nonsuit because the motion for nonsuit was filed before the case was submitted finally. I disagree.

Generally, a case is submitted when argument is closed and the case is before the court for decision. *Wright v. Eddinger*, 320 Ark. 151, 894 S.W.2d 937 (1995). Although it is true that a plaintiff has an absolute right to voluntarily nonsuit a claim before final submission, *Norrell v. Giles*, 343 Ark. 504, 36 S.W.3d 342 (2001), I do not believe that the motion for nonsuit preceded final submission under the particular circumstances of this case.

Rule 6(b) of the Arkansas Rules of Civil Procedure permits a trial judge to grant an extension of time to respond to a summary-judgment motion. The granting of an extension is discretionary. Clearly, it is within a trial judge's discretion to limit the amount of time allowed to one week, as was done in the present case.

A more interesting question is whether it is within the trial court's discretion to modify the *manner* in which pleadings made pursuant to a time extension will be presented to the court. Here, the trial judge, expressing his resolve to rule on the summary-judgment motion on September 1, directed that subsequent pleadings be faxed directly to his out-of-town office in addition to being filed with the court clerk. I believe that the trial judge, who was on assignment and who resided in another county, had the discretion to do this, and that appellant's motion for nonsuit was not presented before final submission of the case because the nonsuit motion was not provided to the court in the manner he directed, *i.e.*, by fax as well as filing. However, I also think this is an academic question under the facts of this case because appellant's attorney *expressly agreed* to present his response to the court in this manner, and the trial judge made it clear that this manner of presentation to the court would be applicable to all subsequent pleadings:

> THE COURT: I was wanting to get [appellant's response] in by next Friday so I can rule.
>
> APPELLANT'S COUNSEL: Yes, sir, . . . I normally include that to mean filed. *I'm perfectly willing to fax it to you* or I'll mail you a file-stamped copy. *Any way you want it.*

THE COURT: Well, just fax it to me ... and any kind of documentation I need to see. Realize I'm in another county and I don't have access to the Clerk's file, so if there's anything the Court needs to see, correspondence or whatever, address it to my office in Murfreesboro.

Nor do I agree with appellant's argument that the case was not finally submitted because appellee had been allowed five days to file a reply to appellant's response. The trial judge made it quite clear that no further extension was to be granted and that he must have the response in hand by September 1. When appellant failed to respond on the appointed day, pleadings were closed, and the case was finally submitted because there was nothing for appellees to reply to.

I respectfully dissent.

HAYS, S.J., agrees.