Ella Dee SHAW *v.* DESTINY INDUSTRIES, INC.

CA 01-1134                                      76 S.W.3d 905

Court of Appeals of Arkansas
Division I
Opinion delivered June 5, 2002

*Scott Adams*, for appellant.

*Wright, Lindsey & Jennings LLP*, by: *Roger D. Rowe* and *Erica Ross Montgomery*, for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellant, Ella Dee Shaw, filed the instant complaint against appellee, Destiny Industries, Inc., the manufacturer of a mobile home that appellant had purchased in 1994. Appellee answered the complaint in the instant action, alleging affirmatively that it was barred by the doctrine of *res judicata,* and contemporaneously filed a motion for summary judgment on that basis. The trial court granted the motion and dismissed the case. For her sole point of appeal, appellant contends that the trial court erred when it granted appellee's motion for summary judgment on the ground of *res judicata.* We agree and therefore reverse and remand.

### Original Action (Case No. 97-30)

According to the facts set forth in appellant's third amended complaint in the original action, she purchased a 1994 mobile home in May 1994. The home was manufactured by appellee, Destiny Industries, Inc., a foreign corporation with its principal place of business in Moultrie, Georgia, and sold by Hawk Enterprises, Inc., a mobile home dealership located in Conway, Arkansas. The purchase price of the mobile home was $27,441.50, with appellant paying $2,793.63 as a down payment and financing the remainder over 240 months at $268.13 per month. The mobile home was installed by Arkansas Transit Homes, Inc. Appellant alleged in her original complaint that the mobile home was neither built nor installed in conformity with existing standards and guidelines and that attempted repairs by both the seller and the manufacturer were not satisfactory. She named as defendants in the original action Destiny Industries, Inc., Hawk Enterprises, Inc., Security Pacific Housing Services, Inc., and Arkansas Transit Homes, Inc.

On August 27, 1999, appellee Destiny Industries, Inc., filed its motion for summary judgment in the original action on claims brought by appellant Shaw, and also sought to dismiss the cross-claim of the co-defendant in that action, Security Pacific Housing Services, Inc. The bases for its motion were that appellant sought damages against Destiny under Counts I, II, and IV of her third amended complaint; that Counts I and II were "claims for revocation of acceptance and refund of the purchase price of the mobile

home" and revocation of acceptance was a remedy available only against the seller of the home; and that Count IV was a claim for punitive damages for negligence and/or gross negligence and the allegations showed "no tortious conduct on the part of Destiny." In its order of September 27, 1999, the trial court granted Destiny's motion for summary judgment on "plaintiff's claims for revocation of acceptance" and dismissed them. The order did not contain a certification pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure.

Destiny Industries, Inc., does not dispute the fact that on January 31, 2000, approximately four months after the partial summary judgment was entered in the original action, appellant nonsuited the case pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure.

*Current Action (Case No. 2001-16)*

On January 26, 2001, appellant filed her complaint in the instant case, naming only one defendant, appellee Destiny Industries, Inc., the manufacturer of the mobile home that she claims is defective. The complaint restated both the rescission/revocation-of-acceptance claims and breach of warranties claims, as set forth in the original action. Appellee answered the complaint, affirmatively pleading, *inter alia,* that the causes of action were barred by the doctrine of *res judicata,* and simultaneously filed its motion for summary judgment in the instant case. Attached to the motion as supporting exhibits were: 1) the third amended complaint from the original action; 2) Destiny's motion for summary judgment and supporting brief from the original action; 3) appellant Shaw's response to the motion for summary judgment in the original action; 4) the trial court's order granting the motion for summary judgment in the original action.

At a hearing on the motion for summary judgment, counsel for Destiny contended that appellant's single claim in the instant complaint was for rescission, the common law equivalent of revocation of acceptance, that the same claim had been made in the original action, that it had been dismissed on Destiny's motion for

summary judgment in the original action, and that such claim was now barred by the doctrine of *res judicata*.

The trial court found that the matter had been adjudicated in the original action by summary judgment. Consequently, the court determined that the motion for summary judgment in the instant case should be granted based on the doctrine of *res judicata*. We disagree and find that the trial court erred in granting appellee's motion for summary judgment.

Rule 41(a)(1) of the Arkansas Rules of Civil Procedure provides:

> (1) Subject to the provisions of Rule 23(d) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff *before the final submission of the case to the jury, or to the court where the trial is by the court.* Although such a dismissal is a matter of right, it is effective only upon entry of a court order dismissing the action.

(Emphasis added.) In *Coombs v. Hot Springs Village Property Owners Ass'n,* 75 Ark. App. 364, 366–67, 57 S.W.3d 772, 774 (2001), we explained:

> Both parties are in agreement relating to the standard for determining whether a plaintiff has a right to a nonsuit. "[T]he privilege to take a voluntary nonsuit is an absolute right prior to *final submission to a jury or to the court sitting as a jury."* Therefore, if a voluntary nonsuit is sought before the final submission of the case, then the nonsuit is an absolute right. If the nonsuit is requested after final submission of the case, it is within the trial court's discretion to grant or not grant it.
>
> . . . .
>
> A case is not finally submitted until the argument is closed and the case submitted to the jury or the court. In *Wright v. Eddinger, supra,* the principal point on appeal was whether under ARCP Rule 41(a) a trial court may grant a request for voluntary nonsuit where the trial court had announced its decision to grant the defendants' motion for summary judgment. The trial court granted the nonsuit and the defendant appealed. Plaintiff contended on appeal that the argument had not been concluded because she had filed a supplemental memorandum. The supreme court did not agree, and opined that under appellee's

theory, "the losing party could simply submit a brief after the trial court's ruling and contend the case was never finally submitted." However, the court ultimately held that the trial court did not abuse its discretion in granting the nonsuit, and affirmed.

(Emphasis added and citations omitted.)

■ Here, while it is true that the original trial court granted appellee's motion for summary judgment with respect to the revocation-of-acceptance claims in the original action, the order of September 27, 1999, cannot be regarded as "the final submission of the case . . . to the court . . . ." After entry of that order, there were still remaining parties and issues in the case, and it did not contain a Rule 54(b) certification. Appellant's filing of her nonsuit pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure cannot give final, binding status to a partial summary judgment that was not otherwise final and binding. The entire case had not been finally submitted and decided. Rather, one segment of it had been decided and that portion could have been reconsidered during the remaining course of the case. *See* Ark. R. Civ. P. 54(b)(2). That makes this situation distinguishable from one in which summary judgment has been entered on the entire case.

■ Moreover, because the September 27, 1999 order in the original action was not a final order, it cannot serve to bar appellant's claims in the current action based upon the issue-preclusion portion of the doctrine of *res judicata*. The concept of *res judicata* has two facets, one being issue preclusion and the other being claim preclusion. *Huffman v. Alderson,* 335 Ark. 411, 983 S.W.2d 899 (1998). Issue preclusion, which is the only facet involved in the instant case, requires four elements before a determination is conclusive in a subsequent proceeding: 1) the issue sought to be precluded must be the same as that involved in the prior litigation; 2) that issue must have been actually litigated; 3) *the issue must have been determined by a valid and final judgment;* 4) the determination must have been essential to the judgment. *State v. Willis,* 347 Ark. 6, 59 S.W.3d 438 (2001) (emphasis added). The September 27, 1999 order, which, among other things, granted partial summary judgment to appellee on appellant's revocation-of-acceptance claims in the original action, does not satisfy the

requirement that the issue be determined "by a valid and final judgment." The order adjudicated fewer than all of the claims and fewer than all of the parties in the original action, and it did not contain a certification pursuant to Rule 54(b)(1) of the Arkansas Rules of Civil Procedure.

■ Accordingly, pursuant to Rule 54(b)(2) of the Arkansas Rules of Civil Procedure, the order did not terminate the action as to any of the claims or parties, and it was "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties." Such an order cannot serve as the basis for applying either the issue-preclusion or the claim-preclusion facet of the doctrine of *res judicata*. In *Northeast Arkansas Internal Medicine Clinic v. Casey,* 76 Ark. App. 25, 61 S.W.3d 850 (2001), we were not faced with a situation involving a nonsuit, but rather an interlocutory ruling granting summary judgment and the dismissal of a subsequently filed amended complaint based upon the doctrine of *res judicata.* However, our reasoning in that case is helpful in the instant situation:

> The trial court held that its interlocutory ruling granting summary judgment precluded appellant from asserting other claims during the pendency of the same lawsuit. We hold that under these circumstances the doctrine of *res judicata* does not apply. Only a final judgment on the merits may be given a preclusive effect. *See Looney v. Looney,* 336 Ark. 542, 986 S.W.2d 858 (1999) (holding that the application of *res judicata* to further proceedings in the same lawsuit appears inappropriate). *The summary judgment granted by the trial court was not a final judgment and could even have been reconsidered had the court so desired. See Stewart Title Guar. Co. v. Cassill,* 41 Ark. App. 22, 847 S.W.2d 465 (1993). It follows that the dismissal of appellant's second amended complaint was error.

76 Ark. App. at 31-32, 61 S.W.3d at 855 (emphasis added).

Reversed and remanded.