Charles E. WINKLER, Administrator of the Estate of Robin Nicole Hall, Deceased *v.* Dr. John E. BETHELL; Dr. Kimberly Moore Clinton; Dr. Sarika S. Raj; the Pediatric Clinic of North Little Rock, P.A. and Baptist Health–North Little Rock, Reciprocal of America, as Liability Insurer for Baptist Health

04–811                                                  210 S.W.3d 117

Supreme Court of Arkansas
Opinion delivered June 16, 2005

[Rehearing denied September 8, 2005.]

616

*Bennie O'Neal, B. Dewey Fitzhugh, & Danny R. Williams,* for appellant.

*Friday, Eldredge & Clark, LLP,* by: *Fran C. Hickman* and *Lindsey Mitcham Lorence,* for appellee Dr. John P. Bethell.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.,* by: *Ken Cook* and *Jeffrey L. Singleton,* for appellee Kimberly Moore Clinton.

*Anderson, Murphy & Hopkins, L.L.P.,* by: *Mariam T. Hopkins* and *Scott Provencher,* for appellees Dr. Sarika S. Raj and the Pediatric Clinic of North Little Rock, P.A.

ANNABELLE CLINTON IMBER, Justice. The instant appeal arises out of a wrongful-death action for medical malpractice. Appellant Charles E. Winkler, in his capacity as administrator of the Estate of Robin Nicole Hall, deceased, sued Appellees Dr. John Bethell, Dr. Kimberly Moore Clinton, Dr. Sarika S. Raj, the Pediatric Clinic of North Little Rock, P.A., Baptist Health – North Little

Rock,[1] and its liability insurance carrier, Reciprocal of America, alleging negligence that resulted in the death of his granddaughter, Robin Nicole Hall. On May 20, 2000, Robin Hall was taken to the emergency room at Baptist Health. Robin complained of headache, vomiting, weakness and a sore throat. Dr. Bethell, the emergency-room doctor on duty, made a probable diagnosis of Rocky Mountain Spotted Fever and hospitalized Robin. Dr. Bethel contacted a pediatrician, Dr. Clinton, to assume responsibility for the child. Dr. Clinton examined Robin and prescribed Doxycycline for her, but she did not receive the prescribed medication at that time.

The next morning, the child's condition had worsened, and the nurses on duty contacted Dr. Raj, the on-call physician. Dr. Raj did not respond to the first page, but after a second page, she arrived around 8:50 a.m. to assess Robin. At that time, Dr. Raj prescribed Phenergan and Morphine for Robin's nausea and pain and antibiotics to treat the infection in her blood. Robin was transferred to the Intensive Care Unit and a CT scan was ordered to determine if a spinal tap could be performed to rule out meningitis. Jan Cribbs, an ICU nurse, testified that she found Robin in the ICU hallway with unresponsive, dilated pupils. She further testified that she did not immediately call for a doctor. Around noon of that day, after the CT scan but before the spinal tap was performed, Robin went into respiratory arrest. She was then transferred to Arkansas Children's Hospital and pronounced dead the following day.

The first administratrix of Robin Hall's estate, Velda Graves,[2] originally filed a wrongful-death action against Drs. Bethell, Clinton, and Raj in Pulaski County Circuit Court on May 14, 2001. The complaint was subsequently amended to add the following defendants: the Pediatric Clinic of North Little Rock, P.A., Baptist Memorial Medical Center — North Little Rock,[3] and its liability insurance carrier, Reciprocal of America. On April 10, 2002, Baptist Health filed a motion for summary judgment on the ground that the plaintiff was unable to prove proximate cause. Reciprocal of America subsequently adopted its insured's motion

---

[1] Formerly Baptist Memorial Medical Center — North Little Rock.

[2] Velda Graves had been appointed administratrix of Robin Hall's Estate on November 15, 2000, and letters of administration in succession were issued to Appellant Charles E. Winkler on April 29, 2002.

[3] Now Baptist Health — North Little Rock.

for summary judgment. The circuit court granted the motion on July 12, 2002, and dismissed plaintiff's complaint against Baptist Health and Reciprocal of America. Following plaintiff's oral motion for a nonsuit of the complaint against the remaining defendants, the circuit court entered an order of nonsuit pursuant to Ark. R. Civ. P. 41(a) (2005).

Then, on February 20, 2003, the case was refiled by Charles Winkler in his capacity as administrator of Robin Hall's estate against all of the original defendants, including Baptist Health and its insurer, Reciprocal of America. Baptist Health and Reciprocal of America filed motions to dismiss, arguing that principles of *res judicata* prevented the second lawsuit. The circuit court granted the dismissal, and ultimately, the jury returned a verdict in favor of the remaining defendants. Appellant filed a motion for new trial, which was denied by the circuit court. On appeal, the appellant argues that the circuit court erred in granting the original summary-judgment motion and dismissing Baptist Health and its insurer, Reciprocal of America, in dismissing Baptist Health and Reciprocal of America from the second suit on ground of *res judicata*, and in denying the motion for a new trial. We accepted the appeal for caseload balance pursuant to Ark. R. Sup. Ct. 1-2(g) (2005).

As a preliminary matter, we must address the appellees' motion to dismiss the appeal of the summary-judgment order entered in favor of Baptist Health and Reciprocal of America on July 12, 2002. Appellees argue that the order was final and appealable after entry of the nonsuit order on August 14, 2002, and, thus, the appellant was required to file a notice of appeal on or before September 13, 2002. Appellant denies that the notice of appeal filed on May 3, 2004, was untimely.

■ Arkansas Rule of Appellate Procedure — Civil 2(a)(1) (2005) allows an appeal to be taken to the Arkansas Supreme Court from a final judgment or decree entered by the circuit court. Generally, orders granting summary judgment to less than all of the parties or on less than all of the issues is not considered a final judgment or decree. *St. Paul Fire and Marine Ins. v. First Commercial Bank of Little Rock*, 304 Ark. 298, 801 S.W.2d 652 (1991); *King v. Little Rock Sch. Dist.*, 296 Ark. 552, 758 S.W.2d 708 (1988) (where trial court granted a party's motion for summary judgment and dismissed it from the suit, but other defendants remained in the suit, the order was not appealable). However, in each of those cases, the plaintiff continued the lawsuit against the remaining

defendants. In this case, after the grant of summary judgment in favor of Baptist Health and Reciprocal of America, the plaintiff requested that the wrongful-death action against the remaining defendants be dismissed without prejudice pursuant to Ark. R. Civ. P. 41(a)(1) (2005).

█ █  We have previously decided the pivotal issue in this case in *Driggers v. Locke*, 323 Ark. 63, 913 S.W.2d 269 (1996). In that case, Appellant Bob Driggers sued Buddy Neal and Ken and Louann Locke for damages resulting from an automobile accident. The Lockes denied liability and moved for summary judgment, which was entered in their favor. Mr. Driggers then took a voluntary nonsuit of his claims against Buddy Neal and appealed the summary judgment. This court, on its own initiative, examined whether the summary judgment was a final, appealable order and determined that it was. In our discussion, we noted that a party who has several claims against another may not take a voluntary nonsuit of one claim and appeal an adverse judgment as to the other claims when it is clear that the intent is to refile the nonsuited claim. *Id.* (citing *Ratzlaff v. Franz Foods of Ark.*, 255 Ark. 373, 500 S.W.2d 379 (1973)). The court noted, however, that cases where the nonsuit is not with respect to one of multiple claims against a single party, but instead is a nonsuit with respect to one of multiple parties, the same logic does not apply. Because the plaintiff could choose to sue the defendants separately but is prevented from litigating specific claims against one defendant separately under the doctrine of *res judicata*, our court held that the summary judgment was a final, appealable order. *Id.* at 66, 913 S.W.2d at 271; *accord Renfro v. Adkins*, 323 Ark. 288 (1996)(holding a voluntary nonsuit with respect to an opposing party, as opposed to a claim, does not adversely affect the finality of an order regarding the remaining parties); *see also State Office of Child Enforcement v. Willis*, 347 Ark. 6, 11, 59 S.W.3d 438, 441 n.1 (2001).

█  The appellant cites the case of *Shaw v. Destiny Industries, Inc.*, 78 Ark. App. 8, 76 S.W.3d 905 (2002), but that case is inapposite. In *Shaw*, the appellant filed the original action against Destiny Industries and three other defendants. Three claims pertained specifically to Destiny Industries. Destiny Industries filed a motion for summary judgment and the trial court granted the motion as to two of the three counts. The appellant then nonsuited the remaining claims, including all claims against the other defen-

dants and the remaining claim against Destiny Industries. One year later, the appellant filed another lawsuit, this time against only Destiny Industries. Destiny Industries filed a motion to dismiss, arguing that the suit was barred by the doctrine of *res judicata*. *Id.* at 12, 76 S.W.3d at 907. The trial court granted the motion, and the appellant appealed. The Arkansas Court of Appeals reversed the dismissal, holding that the order granting summary judgment was not a final order because the entire case had not been finally submitted and decided. *Id.* at 13, 76 S.W.3d at 908. The appellate court further held that the original grant of summary judgment was not a final order and thus could not bar the appellant's claims because the order adjudicated fewer than all of the claims and fewer than all of the parties in the original action. *Id.*

█ Notably, in the *Shaw* case, the summary judgment was granted only as to certain issues between the appellant and Destiny Industries. Some issues still remained, and as a result, Destiny Industries had not been completely dismissed from the case. We discussed the distinction between nonsuits of claims and nonsuits of parties in *Driggers v. Locke, supra*, and stated:

> [W]e see at least one distinct flaw in the proposition that the rationale causing dismissal in cases of voluntary nonsuit of one of multiple claims against a single party should apply when the nonsuit is with respect to one of multiple parties. Nothing requires a plaintiff to sue the prospective defendants simultaneously. If, however, a plaintiff has a number of claims against a single party, the doctrine of *res judicata* will bar issues which could have been litigated between them but were not. If Mr. Driggers had sued the Lockes and not joined Buddy Neal, the summary judgment in favor of the Lockes would have unquestionably been a final, appealable order, and he could have sued Buddy Neal later. The fact that he began an action against Buddy Neal and then took a nonsuit leaves the parties in the same positions as they would have occupied had the claim against Buddy Neal merely been delayed rather than nonsuited.

*Driggers v. Locke*, 323 Ark. at 66, 913 S.W.2d at 270 (internal citations omitted). In fact, the Arkansas Court of Appeals has recognized this distinction and allowed an appeal where a nonsuit was granted for remaining parties. *Beaver v. John Q. Hammons Hotels, Inc.*, 81 Ark. App. 413, 102 S.W.3d 903 (2003), *aff'd*, 355 Ark. 359, 138 S.W.3d 664 (2003); *see also Windsong Enterprises, Inc. v. Upton*, 91 Ark. App. 149, 209 S.W.3d 373 (2005) (petition for rehearing pending).

■ ■ As suggested by the above-quoted language in *Driggers v. Locke, supra,* the distinction between nonsuits that excuse the remaining parties in a lawsuit after one defendant has been dismissed and nonsuits that dismiss additional claims against one party bears out in this case. Here, Baptist Health and Reciprocal of America were completely dismissed from the lawsuit pursuant to the first summary-judgment order. Thus, the nonsuit excused the remaining parties in this lawsuit after all claims against Baptist Health and its insurer had been dismissed. The rule adopted in *Driggers* compels us to conclude that the order granting summary judgment was final and appealable after the voluntary nonsuit. Consequently, as the appellant did not file a notice of appeal within thirty days, the order granting summary judgment cannot be reviewed on appeal. We therefore grant Appellees' motion to dismiss the appeal of the summary-judgment order entered in favor of Baptist Health and Reciprocal of America on July 12, 2002.

■ ■ For his second point on appeal, the appellant claims that the circuit court erred in dismissing Baptist Health and Reciprocal of America from the refiled suit on the ground of *res judicata.* The doctrine of *res judicata* bars relitigation of a subsequent suit when (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *State Office of Child Enforcement v. Willis, supra.* Here, the claims and parties in the first suit are identical to those in the second suit. Additionally, the circuit court had jurisdiction over the first suit and entered a dismissal with prejudice on the appellant's claims against Baptist Health and Reciprocal of America when it granted summary judgment in their favor. Once again, for the reasons stated earlier in this opinion, the summary-judgment order became final on August 14, 2002, when the appellant nonsuited his claims against the remaining defendants. Accordingly, by virtue of the appellant being barred by the doctrine of *res judicata* from bringing the second suit against Baptist Health and its insurer, we affirm the circuit court on this point.

■ Appellant's final argument on appeal is that the circuit court erred in denying his motion for new trial because the dismissal of Baptist Health from the lawsuit prevented the appellant from having a fair trial. Motions for new trial are governed by

Ark. R. Civ. P. 59 (2005). That rule specifically enumerates eight possible grounds for granting a motion for new trial, including when there is "any irregularity in the proceedings or any order of the court or abuse of discretion by which the party was prevented from having a fair trial." Ark. R. Civ. P. 59(a)(1) (2005). The party moving for a new trial must show that his or her rights have been materially affected by demonstrating a reasonable possibility of prejudice. *Suen v. Greene*, 329 Ark. 455, 947 S.W.2d 791 (1997). A decision on whether to grant or deny a motion for new trial lies within the sound discretion of the trial judge. *Dodson v. Allstate Ins. Co.*, 345 Ark. 430, 47 S.W.3d 866 (2001).

Appellant argues that the dismissal of Baptist Health from the lawsuit prevented him from receiving a fair trial because the jury was unable to consider any evidence of negligence on the part of the hospital or the effect any such negligence might have had on the other actors in the case. He claims that, as a result of the hospital's absence at trial, the verdict rendered by the jury was incomplete on the issues of proximate cause and damages. In support of this proposition, the appellant cites *Martin v. Romes*, 249 Ark. 927, 462 S.W.2d 460 (1971). While that decision is decidedly unpersuasive on this point, we have already concluded that the appellant failed to timely appeal the order granting summary judgment in favor of Baptist Health. Consequently, we must reject the appellant's final argument on appeal.

Appeal dismissed in part; affirmed in part.