# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3095

_____

Richard D. Percefull,

        Appellant,

    v.

Chris Claybaker, Mayor of Camden,
Arkansas,

        Appellee.

\* Appeal from the United States
\* District Court for the
\* Western District of Arkansas.

\* [UNPUBLISHED]

_____

Submitted: November 20, 2008
Filed: November 25, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Richard Percefull appeals the district court's adverse grant of summary judgment in his 42 U.S.C. § 1983 action. The district court concluded that summary judgment was warranted because the complaint was barred by res judicata. Having conducted careful de novo review, see Rouse v. Benson, 193 F.3d 936, 939 (8th Cir. 1999) (standard of review), we conclude that the complaint is not res judicata barred, and therefore, we vacate the district court's order and remand for further proceedings.

The district court concluded that the instant complaint was barred by res judicata because Percefull had filed a similar complaint against Chris Claybaker in Arkansas state court, and the complaint was dismissed under Arkansas Rule of Civil Procedure 12(b)(6) for failure to state facts upon which relief could be granted. Under Arkansas law, see Lommen v. City of East Grand Forks, 97 F.3d 272, 274 (8th Cir. 1996) (federal court implements preclusion rules of state from which judgment originated), one requirement for the application of res judicata is that the first suit resulted in a final judgment on the merits, see Winkler v. Bethell, 210 S.W.3d 117, 122 (Ark. 2005). Because the prior state court complaint was expressly dismissed without prejudice, we conclude that it was not a final judgment on the merits for purposes of res judicata. See Sluder v. Steak & Ale of Little Rock, Inc., 245 S.W.3d 115, 118 (Ark. 2006) (when complaint is dismissed under Rule 12(b)(6), dismissal is without prejudice; plaintiff may plead further or may appeal, but if plaintiff chooses to appeal, then he waives right to plead further and complaint will be dismissed with prejudice).

We decline to consider Claybaker's alternative grounds for affirming--he argues that the claims at issue lack merit--because the district court declined to address the merits, and the record reveals disputed factual issues that may affect review. See Schweiss v. Chrysler Motors Corp., 922 F.2d 473, 476 (8th Cir. 1990) (appeals court might not affirm on theory not addressed by district court in certain situations, such as where there are factual questions still to be resolved, or where appeals court would benefit from having district court decide issue in first instance).

Accordingly, we reverse and remand for further proceedings.

_____