Cite as 2020 Ark. App. 283

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–19–706

| | |
|---|---|
| JESSICA ELDER<br><br>APPELLANT<br><br>V.<br><br>MATTHEW ELDER<br><br>APPELLEE | **Opinion Delivered:** May 6, 2020<br><br>APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT<br>[NO. 29DR-19-8 ]<br><br>HONORABLE RANDY WRIGHT, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Jessica Elder appeals the Hempstead County Circuit Court order denying her motion for a new trial. On appeal, Jessica argues that the circuit court erred by (1) finding that Matthew Elder proved the general-indignities ground for a divorce and (2) denying her motion for a new trial. We lack appellate jurisdiction over the divorce decree, and we affirm the denial of Jessica's motion for a new trial.

Jessica and Matthew married on September 22, 2012, and they had two children during their marriage. On January 14, 2019, Matthew filed a divorce complaint against Jessica alleging general indignities. He stated that he anticipated reaching an agreement concerning child custody, support, and visitation, but he requested the court to make a determination in the event they could not settle. He similarly asked the court to divide their marital property if they were unable to divide the property between themselves.

On the same day that Matthew filed the divorce complaint, Jessica executed a waiver of summons and entry of appearance. In the waiver, she stipulated that the court could consider Matthew's complaint without further notice to her, and she waived the making of a record of testimony.

On May 15, the court held a bench trial. Jessica did not appear. Matthew testified that he filed for a divorce because he and Jessica disagreed about their children and finances. He informed the court that he and Jessica had agreed to share joint custody of the children and to not pay each other child support. He noted that they had further agreed that the children would remain in the Hempstead County School District, that he would maintain health insurance on them, and that Jessica's mother could not see them. He also stated that they had divided their personal property and that Jessica had quitclaimed her interest in their home to him.

On the same day as the trial, the court entered a divorce decree. The court found that Matthew was entitled an absolute divorce on the grounds of general indignities. The court further granted Jessica and Matthew joint custody of the children and ordered that neither party pay child support. The court found that the parties had agreed on the division of their real and personal property, and it approved the agreement.

On May 30, Jessica moved for a new trial pursuant to Arkansas Rule of Civil Procedure 59(a)(1), (2), (3), and (6). Specifically, she argued that the court should grant a new trial because (1) the waiver of summons and entry of appearance constituted irregularities in the proceeding that prevented her from having a fair trial, (2) Matthew engaged in misconduct when he presented an alleged settlement agreement to the court without giving Jessica notice; (3) the May 15 hearing was a surprise to Jessica; and (4) the

divorce decree is clearly contrary to the preponderance of evidence because it failed to state how joint custody was in the children's best interest.

On June 1, Matthew responded and opposed Jessica's motion. He attached signed, notarized statements dated January 29 and January 30, 2019, wherein Jessica and Matthew agreed to joint custody of the children. He also attached a quitclaim deed dated April 26, 2019.

On June 28, the court denied the motion for a new trial. On July 23, Jessica filed her notice of appeal. In her notice of appeal, Jessica states that she is appealing from the "Court's 'Order' entered June 28, 2019 which denied her Motion for New Trial."

On appeal, Jessica first argues that the circuit court erred by granting Matthew a divorce because he did not prove general indignities. Before we can address Jessica's challenge to the divorce decree, we must consider whether Jessica has properly appealed the decree.

Rule 3(e) of the Arkansas Rules of Appellate Procedure–Civil provides in pertinent part, "A notice of appeal or cross-appeal shall: . . . (ii) designate the judgment, decree, order or part thereof appealed from." We require substantial compliance with the procedural steps set forth in Rule 3(e). *Hopson v. Little Rock Sch. Dist.*, 2018 Ark. App. 70; *J.N.A. v. State*, 2017 Ark. App. 502, 532 S.W.3d 582. Whether an appellant has filed an effective notice of appeal is always an issue before the appellate court, and absent an effective notice of appeal, we lack jurisdiction to consider the appeal. *J.N.A.*, 2017 Ark. App. 502, 532 S.W.3d 582. A notice of appeal must designate the judgment or order appealed from, and an order not mentioned in the notice of appeal is not properly before an appellate court. *Hopson*, 2018 Ark. App. 70; *J.N.A.*, 2017 Ark. App. 502, 532 S.W.3d 582.

In this case, Jessica's notice of appeal fails to designate the divorce decree as an order from which she is appealing. Jessica states that she is appealing from the court's order on her motion for a new trial, not the divorce decree. She has therefore failed to substantially comply with Rule 3(e), and we lack jurisdiction to hear her challenge to the divorce decree.

We now turn to Jessica's argument concerning the denial of her motion for a new trial. Jessica designated the circuit court's order denying her motion for new trial in her notice of appeal; thus, we have jurisdiction to hear her appeal of that order.

It is well settled that a motion for new trial is left to the sound discretion of the circuit court, and the circuit court's refusal to grant it will not be reversed on appeal unless an abuse of discretion is shown. *Cochran v. Bentley*, 369 Ark. 159, 251 S.W.3d 253 (2007). An abuse of discretion means a discretion improvidently exercised, i.e., exercised thoughtlessly and without due consideration. *Id*.

Rule 59(a) provides as follows:

*Grounds*. A new trial may be granted to all or any of the parties and on all or part of the claim on the application of the party aggrieved, for any of the following grounds materially affecting the substantial rights of such party: (1) any irregularity in the proceedings or any order of court or abuse of discretion by which the party was prevented from having a fair trial; (2) misconduct of the jury or prevailing party; (3) accident or surprise which ordinary prudence could not have prevented; (4) excessive damages appearing to have been given under the influence of passion or prejudice; (5) error in the assessment of the amount of recovery, whether too large or too small; (6) the verdict or decision is clearly contrary to the preponderance of the evidence or is contrary to the law; (7) newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial; (8) error of law occurring at the trial and objected to by the party making the application.

The party moving for a new trial must show that her rights have been materially affected by demonstrating a reasonable probability of prejudice. *Winkler v. Bethell*, 362 Ark. 614, 210 S.W.3d 117 (2005).

4

Jessica argues that the circuit court erred by denying her motion for a new trial for two reasons. She first argues that the circuit court should have granted her a new trial pursuant to Rule 59(a)(1), (2), and (3) because Matthew represented to the court that she had assented to a settlement agreement, but he presented no evidence reflecting her assent to that agreement and no agreement had been made. She points out that Matthew's complaint requested only that the court approve a settlement agreement or determine child custody and support and divide martial property as provided by law. She also asserts that the circuit court should have granted her a new trial pursuant to Rule 59(a)(6) because Matthew presented no evidence concerning the best interest of the children or a custody agreement.

We hold that the circuit court did not abuse its discretion in denying Jessica's motion for a new trial. Matthew offered several documents verifying an agreement between Jessica and Matthew entered into prior to the May 15, 2019 divorce trial. Specifically, he offered a quitclaim deed dated April 26, 2019, and signed, notarized statements dated January 29 and January 30, 2019, wherein Jessica and Matthew agreed to share joint custody of the children. We further note that in divorce actions, joint custody is favored in Arkansas. Ark. Code Ann. § 9-13-101(a)(1)(A)(iii) (Repl. 2015). Given these circumstances, we cannot say that the circuit court abused its discretion in denying Jessica's motion for a new trial.

Affirmed.

KLAPPENBACH and MURPHY, JJ., agree.

*Montgomery Law Firm, PLLC*, by: *Wm. Blake Montgomery*, for appellant.

*Moore, Giles & Matteson, LLP*, by: *Marshall H. Moore*, for appellee.