# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2671
_____

Jencap Insurance Services, Inc., formerly known as M.J. Kelly of Arkansas, Inc.,

*Plaintiff - Appellant,*

v.

Toni Frazier Insurance Agency, LLC,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: June 11, 2025
Filed: August 18, 2025

_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

_____

COLLOTON, Chief Judge.

Jencap Insurance Services, Inc., formerly known as M.J. Kelly of Arkansas, Inc., sued Toni Frazier Insurance Agency, LLC for contribution as a joint tortfeasor. The district court* granted Frazier's motion to dismiss on the ground that M.J. Kelly's

---

*The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas.

claim was collaterally estopped by a prior judgment in state court on the same issue. M.J. Kelly appeals, and we affirm.

Toni Frazier Insurance Agency submitted an application for insurance coverage on behalf of Heritage Hospitality, Inc., for a motel owned by Heritage in Brinkley, Arkansas. M.J. Kelly, a producing agent, processed the application and issued a policy to Heritage on behalf of Penn-Star Insurance Company.

After an inspection of the motel premises, M.J. Kelly informed Heritage that it must make remedial repairs by a certain date to retain insurance coverage. Due to Heritage's alleged failure to complete the repairs before the deadline, Penn-Star and M.J. Kelly canceled Heritage's insurance policy. Heritage received contradictory communications from Frazier and believed that the policy remained in effect. About two weeks later, Heritage's motel caught fire and burned down. Heritage submitted a claim for its fire loss to Penn-Star. Penn-Star denied the claim because it determined that the policy had been canceled.

Heritage sued Frazier, M.J. Kelly, and Penn-Star in the Arkansas circuit court, alleging that the defendants were jointly liable for the property damage sustained in the fire. M.J. Kelly and Frazier asserted cross-claims against each other for contribution as joint tortfeasors under the Uniform Contribution Among Tortfeasors Act. *See* Ark. Code Ann. § 16-61-201 *et seq.* The court concluded that M.J. Kelly was not a tortfeasor and thus granted summary judgment for M.J. Kelly on both Heritage's claim and Frazier's contribution cross-claim. The court concluded that (1) M.J. Kelly acted exclusively as Penn-Star's agent and owed no duty to Heritage, and (2) because M.J. Kelly was not a tortfeasor, it could not be a joint tortfeasor. The court dismissed M.J. Kelly from the case.

Heritage appealed the summary judgment ruling to the Arkansas Court of Appeals. The court dismissed the appeal without prejudice for lack of a final

judgment, because Heritage had claims pending against Frazier and Penn-Star in the circuit court. *See* Ark. R. Civ. P. 54(b).

The case proceeded in Arkansas circuit court. Two years later, Penn-Star filed a third-party complaint against M.J. Kelly, *see* Ark. R. Civ. P. 14, but the court compelled arbitration of Penn-Star's complaint and reaffirmed that M.J. Kelly remained dismissed from the case. M.J. Kelly, facing a possible appeal of the favorable summary judgment order and the third-party complaint in arbitration, then participated in settlement negotiations with Heritage and Penn-Star. Heritage settled its claims against M.J. Kelly, Penn-Star, and Frazier in exchange for $5.25 million. M.J. Kelly paid $5 million, and Penn-Star paid the remaining $250,000. Heritage moved to dismiss its claims against all defendants pursuant to the settlement agreement, and the district court dismissed all claims with prejudice.

M.J. Kelly then filed this action in the district court seeking contribution from Frazier as a joint tortfeasor under the Uniform Contribution Among Tortfeasors Act. *See* Ark. Code Ann. § 16-61-201 *et seq.* The court ruled that M.J. Kelly was precluded from relitigating whether it was a joint tortfeasor with Frazier, and dismissed the complaint with prejudice. *See* Fed. R. Civ. P. 12(b)(6). We review a district court's dismissal for failure to state a claim *de novo*. *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016).

Where our jurisdiction is premised on diversity of citizenship, collateral estoppel is determined according to state law. *Nanninga v. Three Rivers Elec. Coop.*, 236 F.3d 902, 906 (8th Cir. 2000). Issue preclusion applies in Arkansas where (1) the issue sought to be precluded is the same as that involved in the prior litigation; (2) the issue was actually litigated; (3) the issue was determined by a valid and final judgment; and (4) the determination was essential to the judgment. *Craven v. Fulton Sanitation Serv., Inc.*, 206 S.W.3d 842, 844 (Ark. 2005). The party against whom

collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.*

We conclude that M.J. Kelly is precluded from relitigating whether it is a tortfeasor. The state circuit court granted summary judgment for M.J. Kelly on the ground that M.J. Kelly was not a tortfeasor. The summary judgment order became final when the state court dismissed all remaining claims with prejudice after the parties reached a settlement agreement that included no reservations.

The Arkansas Supreme Court addressed a comparable situation in *Winkler v. Bethell*, 210 S.W.3d 117 (Ark. 2005), where a non-final order granting summary judgment for certain defendants became final after the plaintiff dismissed the remaining defendants without prejudice. *Id*. at 121-22. The nonsuit in *Winkler*, like the settlement agreement here, did not address the merits of the remaining claims, but each development resolved all remaining claims and resulted in a final judgment. This case is unlike *Shaw v. Destiny Industries, Inc.*, 76 S.W.3d 905 (Ark. Ct. App. 2002), where collateral estoppel did not apply because a summary judgment order resolved only a portion of claims against one defendant who remained a party to the case. *Id*. at 908-09; *see Winkler*, 210 S.W.2d at 120-21. Here, the state court ruled that M.J. Kelly was not a tortfeasor, resolved all claims involving M.J. Kelly, and dismissed M.J. Kelly from the case. The state court's summary judgment order, now embodied in a final judgment, precludes relitigation of the tortfeasor issue, and M.J. Kelly's contribution claim necessarily fails.

The judgment of the district court is affirmed.

_____